Remy Kessler (SBN 123165)
rkessler@reedsmith.com
Stephanie Espinosa (SBN 251794)
sespinosa@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

Attorneys for Defendant
RADIOSHACK CORPORATION



FILED
CLERK, U.S. DISTRICT COURT

SEP 22 2010
1:24

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ORDONEZ, individually, and on behalf of all similarly situated current and former employees of Radio Shack<br><br>Plaintiffs,<br><br>vs.<br><br>RADIO SHACK, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. **CV10 7060**-RSWL (MANX)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER CLASS ACTION FAIRNESS ACT; EXHIBITS** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

COPY



- 1 -

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF

2  DANIEL ORDONEZ AND HIS ATTORNEYS OF RECORD:

3         PLEASE TAKE NOTICE that Defendant RadioShack Corporation

4  ("Defendant" or "RadioShack") (erroneously sued as "Radio Shack") hereby removes

5  to this Court the state court action described below.  This case is a civil action over

6  which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and

7  1446, as amended in relevant part by the Class Action Fairness Act of 2005

8  ("CAFA").

9         In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following

10  grounds for removal:

11                          **BACKGROUND**

12         1.      On or about May 26, 2010, Plaintiff Daniel Ordonez ("Plaintiff") filed

13  a Complaint in the Superior Court of the State of California, County of Los Angeles,

14  entitled *Daniel Ordonez v. RadioShack*, Case No. BC438528 (hereinafter the "State

15  Court Action").

16         2.      On or about July 9, 2010, Plaintiff filed a First Amended Complaint

17  ("FAC") in the State Court Action.  The FAC asserts causes of action against

18  Defendant for (1) failure to provide meal periods; (2) failure to provide rest periods;

19  (3) failure to pay overtime; (4) failure to pay minimum wages; (5) failure to maintain

20  required records; (6) failure to pay all wages due to discharged or quitting employees;

21  (7) failure to permit employee to inspect or copy records; (8) unfair business practices;

22  and (9) representative action for civil penalties.

23         3.      As to the first eight causes of action, Plaintiff purports to represent a

24  putative class consisting of all current and all former non-exempt employees of

25  Defendant in California dating back four years from the date the Complaint was filed.

26  (FAC, ¶¶ 4, 10(A), (B), (C), (D).)  Plaintiff purports to pursue the ninth cause of

27  action as a representative action.  (FAC, ¶ 10 (E).)

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TIMELINESS OF REMOVAL**

4.      Defendant was never served with the Complaint.  (Declaration of Martin Moad ("Moad Dec."), ¶ 3, filed concurrently herewith.)  Defendant was first served with process in the State Court Action when it was served with the Summons and FAC on August 24, 2010.  (Moad Dec., ¶ 3; Exhibit E.)  This Notice is therefore timely in that it is filed within thirty (30) days after Defendant first ascertained that the State Court Action was removable.  28 U.S.C. § 1446(b).

5.      True and correct copies of the Summons, Complaint, and FAC (as well as the documents which accompanied the FAC) filed in the State Court Action are attached hereto as Exhibits A, B and C, respectively.  Plaintiff's Case Management Conference Statement and the Proof of Service of Summons, which were filed in the State Court Action are attached hereto as Exhibits D and E, respectively.  Defendant has not received any papers or pleadings in the State Court Action other than those attached hereto as Exhibits A-E.  Defendant has not filed or served any papers or pleadings in the State Court Action.

**ORIGINAL JURISDICTION – CLASS ACTION FAIRNESS ACT**

6.      As set forth below, this action is properly removable, pursuant to 28 U.S.C. § 1441(a), in that the District Court has original jurisdiction over this action under the CAFA because the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, and this action is a class action in which the named Plaintiff is a citizen of a state that is different from that of Defendant.  28 U.S.C. §§ 1332(d)(2), (d)(6).  (Moad Dec., ¶¶ 4-15.)  Furthermore, the number of putative class members in this action is greater than 100.  28 U.S.C. § 1332(d)(5)(B).  (*See*, FAC, ¶¶ 4, 10(A), (B), (C), (D) (all "non-exempt employees" and "all current and former" employees); Moad Dec., ¶ 12.)

**DIVERSITY OF CITIZENSHIP**

**Plaintiff's Citizenship.**  Plaintiff Daniel Ordonez is, and at all relevant times herein was, a citizen of the United States.  (Moad Dec., ¶ 15.)  Moreover, Plaintiff is,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   and at all relevant times herein was, a citizen of California. (Moad Dec., ¶ 15.)

2   Plaintiff currently resides in California, and has resided in California for more than ten

3   years. (Moad Dec., ¶ 15; FAC, ¶ 3 (". . . Plaintiff is a resident of Los Angeles County,

4   California.")) *See*, *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir.

5   1994) (a party's residence is prima facie evidence of his domicile.) Based on

6   representations Plaintiff made to Defendant in connection with becoming employed

7   by Defendant, he also attended high school in California, worked in California until

8   his termination from RadioShack, and was issued a California driver's license (which

9   showed a California address). (Moad Dec., ¶ 15.) *Lundquist v. Precision Valley*

10  *Aviation, Inc.*, 946 F.2d 8, 11-12 (1st Cir. 1991) (manifestations of domiciliary intent

11  include length of residence, place of employment, possession of a state's driver's

12  license, representations on corporate reports); *Altimore v. Mt. Mercy College*, 420

13  F.3d 763, 768–69 (8th Cir. 2005) (once an individual has established his state of

14  citizenship, he remains a citizen of that state until he legally acquires a new state of

15  citizenship. Manifestations of domiciliary intent include length of residence, place of

16  employment, possession of a state's driver's license, representations on government

17  forms).

18      7.      **Defendant's Citizenship**. Pursuant to 28 U.S.C. § 1446(c), "a

19  corporation shall be deemed to be a citizen of any State in which it has been

20  incorporated, and of the State where it has its principal place of business." Defendant

21  is incorporated under the laws of Delaware, and, based on the decision in *Hertz Corp.*

22  *v. Friend*, ____ U.S. ____, 130 S.Ct. 1181 (2010), its principal place of business is in

23  Texas. (Moad Dec., ¶¶ 4-10.)

24      8.      Defendant's corporate headquarters are located at 300 RadioShack

25  Circle, Fort Worth Texas, which is where its officers direct, control and coordinate its

26  activities. (Moad Dec., at ¶ 6.) Most of RadioShack's high-level executive and

27  administrative operations are managed and operated from this location. Most

28  company-wide policy decisions are made in Texas. (*Id.*) The day-to-day management

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  and control of RadioShack's national business and international franchise operations

2  are conducted in Texas.  (*Id.*)  RadioShack's corporate functions, such as information

3  technology, legal, finance, accounting, marketing, and human resources, are based

4  predominately in Texas.  (*Id.* at ¶ 7.)  In addition, most of RadioShack's executive

5  officers and several of its directors live in Texas, including near the company's

6  corporate headquarters.  (*Id.* at ¶ 8.)  RadioShack maintains the vast majority of its

7  paper records and unused fixtures and equipment in Texas.  (*Id.* at ¶ 9.)  RadioShack

8  also operates from Texas the following: the national "force feed" distribution center

9  that receives merchandise from vendors and ships weekly shipments to all of its

10  RadioShack store locations; a packaging center where bulk merchandise components

11  are packaged for retail sale; a store systems hardware support center, which distributes

12  and repairs point of sale equipment; a consumer service center and service and repair

13  depot, where customer returns are consolidated and returned to vendors for credit,

14  liquidated through a private online marketplace, or refurbished and distributed back to

15  RadioShack operated stores; and its national commercial sales, which is RadioShack's

16  small business-to-business operation.  (*Id.* at ¶ 10.)

**AMOUNT IN CONTROVERSY**

18    9.    Under the CAFA, the claims of the individual members in a class

19  action are aggregated to determine if the amount in controversy exceeds the sum or

20  value of $5,000,000.  28 U.S.C. § 1332(d)(6).  In addition, Congress intended for

21  federal jurisdiction to be appropriate under the CAFA "if the value of the matter in

22  litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the

23  viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages,

24  injunctive relief, or declaratory relief)."  Senate Judiciary Committees' Report, S.REP.

25  109 14, at 42.  Moreover, the Senate Judiciary Committee's Report on the final

26  version of the CAFA makes clear that any doubts regarding the maintenance of

27  interstate class actions in state or federal court should be resolved in favor of federal

28  jurisdiction.  ("Overall, new section 1332(d) is intended to expand substantially

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    federal court jurisdiction over class actions.  Its provisions should be read broadly,

2    with a strong preference that interstate class actions should be heard in a federal court

3    if properly removed by any defendant.")  *Id.* at 43.

4        10.    The FAC alleges substantive violations of the California Labor Code

5    and the California Business and Professions Code.  As to the first eight causes of

6    action, the FAC also alleges that the putative class consists of all current and former

7    non-exempt employees of Defendant in California dating back four years from the

8    date the Complaint was filed.  (FAC, ¶¶ 4, 10(A), (B), (C), (D).)

9        11.    RadioShack intends to vigorously defend against Plaintiff's claims.

10   However, considering the number of putative class members and the number of

11   alleged violations of California law, the potential amount in controversy in this

12   putative class action, in the aggregate, exceeds well over $5,000,000.

13   **A.    Potential Recovery for Alleged Meal and Rest Period**

14   **Violations**

15       In the first and second causes of action, the FAC alleges that RadioShack failed

16   to provide meal and rest periods to its non-exempt employees as required under

17   California Labor Code § 226.7, and failed to pay its employees an additional hour of

18   pay for each alleged violation.  (FAC, ¶¶ 12, 13, 17, 18.)  There is a three-year statute

19   of limitations for meal and rest period claims.  Cal. Civ. Proc. Code § 338(a).

20       If Plaintiff proves that RadioShack failed to provide putative class members

21   with meal or rest periods, as alleged in the FAC, RadioShack would be liable for one

22   additional hour of pay at the employee's regular rate of compensation for each work

23   day that the meal or rest period was not provided.

24       Assuming that each week, RadioShack failed to provide each of its non-exempt

25   employees with one meal period and one rest period (for a total of two alleged

26   violations per week), the amount in controversy would be as follows:

27       **Unpaid Wages for 2007**:  In 2007, RadioShack employed a total of 7,321 non-

28   exempt employees in California.  Of these employees, 3,810 separated from

1   RadioShack that same year.  Therefore, at any give time in 2007, RadioShack

2   employed approximately 3,511 non-exempt employees in California.  These

3   employees were paid, on average, $8.69 per hour.  (Moad Dec., ¶¶ 12-14.)

4        Assuming each employee worked an average of 30 weeks from May 26, 2007,

5   through the end of that year, RadioShack could be liable for $1,830,635.40 in unpaid

6   wages (3,511 employees * $8.69 per alleged violation * 2 violations per week * 30

7   weeks, based on the filing date of the Complaint).

8        **Unpaid Wages for 2008**:  In 2008, RadioShack employed a total of 6,506 non-

9   exempt employees in California.  Of these employees, 2,942 separated from

10  RadioShack that same year.  Therefore, at any give time in 2008, RadioShack

11  employed approximately 3,564 non-exempt employees in California.  These

12  employees were paid, on average, $9.31 per hour.  (Moad Dec., ¶¶ 12-14.)

13       Assuming each employee worked an average of 50 weeks in 2008, RadioShack

14  could be liable for $3,318,084 in unpaid wages (3,564 employees * $9.31 per alleged

15  violation * 2 violations per week * 50 weeks).

16       **Unpaid Wages for 2009**:  In 2009, RadioShack employed a total of 5,797 non-

17  exempt employees in California.  Of these employees, 2,467 separated from

18  RadioShack that year.  Therefore, at any give time in 2009, RadioShack employed

19  approximately 3,330 non-exempt employees in California.  These employees were

20  paid, on average, $9.43 per hour.  (Moad Dec., ¶¶ 12-14.)

21       Assuming each employee worked an average of 50 weeks in 2009, RadioShack

22  could be liable for $3,140,190 in unpaid wages (3,330 employees * $9.43 per

23  violation *2 violations per week * 50 weeks).

24       **Unpaid Wages to Date for 2010:**  In 2010, RadioShack has employed 3,194

25  non-exempt employees in California.  Of these employees, 1,764 separated from the

26  company.  Therefore, at any give time in 2010, RadioShack has employed

27  approximately 1,430 non-exempt employees in California.  These employees have

28  been paid, on average, $9.33 per hour.  (Moad Dec., ¶¶ 12-14.)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Assuming each employee worked an average of 20 weeks between January 1,
2   2010 to May 26, 2010, RadioShack could be liable for $533,676 in unpaid wages
3   (1,430 employees * $9.33 per alleged violation *2 violations per week * 20 weeks).

4   Therefore, adding together RadioShack's purported liability for alleged meal
5   and rest period violations between May 26, 2007 and May 26, 2010, results in a total
6   of $8,822,585.40 -- well above the $5,000,000 jurisdictional limit.

7   **B.    Potential Recovery Under California Labor Code § 203**

8   The sixth cause of action of the FAC alleges that RadioShack is liable for
9   waiting time penalties, namely up to 30 days of wages for each terminated employee
10  who was allegedly not paid for missed meal periods (first cause of action), missed rest
11  periods (second cause of action), overtime (third cause of action), and/or minimum
12  wage (fourth cause of action). (FAC, ¶ 34.) There is a three-year statute of
13  limitations for claims seeking such waiting time penalties. Cal. Lab. Code § 203; Cal.
14  Civ. Proc. Code § 338.

15  **Penalties for 2007:** During the last 6 months of 2007, 1,880 non-exempt
16  employees separated from RadioShack in California. Non-exempt employees in
17  California earned an average of $8.69 per hour in 2007. (Moad Dec., ¶¶ 13, 14.)

18  Taking the average wage of $8.69 per hour, and assuming that each former
19  employee worked an average of 8 hours per day, 30 days of waiting time penalties
20  would equal $2,085.60 per former employee. Total potential waiting time penalties
21  for RadioShack's 1,880 employees who separated from the company during the last
22  six months of 2007, therefore, would equal $3,920,928.

23  **Penalties for 2008:** In 2008, 2,942 non-exempt employees separated from
24  RadioShack in California. Non-exempt employees in California earned an average of
25  $9.31 per hour in 2008. (Moad Dec., ¶¶ 13, 14.)

26  Taking the average wage of $9.31 per hour, and assuming that each former
27  employee worked an average of 8 hours per day, 30 days of waiting time penalties
28  would equal $2,234.40 per former employee. Total potential waiting time penalties

for RadioShack's 2,942 employees who separated from the company in 2008, therefore, would equal $6,573,604.80.

**Penalties for 2009:**  In 2009, 2,467 non-exempt employees separated from RadioShack in California.  Non-exempt employees in California earned an average of $9.43 per hour in 2009.  (Moad Dec., ¶¶ 13, 14.)

Taking the average wage of $9.43 per hour, and assuming that each former employee worked an average of 8 hours per day, 30 days of waiting time penalties would equal $2,263.20 per former employee.  Total potential waiting time penalties for RadioShack's 2,467 employees who separated from the company in 2009, therefore, would equal $5,583,314.40.

**Penalties to Date for 2010:**  This year through September 14, 2010, 1,764 non-exempt employees separated from RadioShack in California.  Non-exempt employees in California have earned an average of $9.33 per hour this year.  (Moad Dec., ¶¶ 13, 14.)

Taking the average wage of $9.33 per hour, and assuming that each former employee worked an average of 8 hours per day, 30 days of waiting time penalties would equal $2,239.20 per former employee.  Total potential waiting time penalties for RadioShack's 1,764 employees who have separated from the company in 2010, therefore, would equal $3,949,948.80.

As such, the total purported waiting time penalties potentially owed to employees who terminated between July 1, 2007 and September 14, 2010 would equal $20,027,796, well above the $5,000,000 jurisdictional limit.

### C.    Additional Potential Recovery

In addition to Defendant's potential liability for unpaid wages for alleged missed meal and rest periods, and for waiting time penalties, Plaintiff has alleged other causes of action which, if proven, could add to RadioShack's potential liability, including causes of action for unpaid overtime, minimum wage violations and recordkeeping violations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## NUMEROSITY

12.     The CAFA requires the number of putative class members to be greater than 100.  The FAC does not allege any specific number of putative class members.  However, the FAC seeks to certify a class consisting of all current and former non-exempt RadioShack employees in California who purportedly lost money as a result of Defendant's alleged violations of the California Labor Code and Business and Professions Code.  (FAC, ¶¶ 4, 10(A), (B), (C), (D).)  As set forth above, in 2007, RadioShack employed a total of 7,321 non-exempt employees in California.  In 2008, RadioShack employed a total of 6,506 non-exempt employees in California.  In 2009, RadioShack employed a total of 5,797 non-exempt employees in California.  In 2010, RadioShack has employed a total of 3,194 non-exempt employees in California.  (Moad Dec., ¶ 12.)

13.     Based on how Plaintiff has defined the putative class in the FAC, the numerosity requirement for removal has been met.

14.     In sum, because diversity of citizenship between the parties exists, the amount in controversy exceeds $5,000,000, and the number of putative class members exceeds 100, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2) and this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

## SUPPLEMENTAL JURISDICTION

15.     Plaintiff maintains his ninth cause of action as a representative action, not as a class action.  This Court has supplemental jurisdiction over the ninth claim of the FAC pursuant to 28 U.S.C. § 1367(a) because that claim is so related and dependent upon the allegations which Plaintiff has made in support of his other claims that it forms part of the same case or controversy.  Indeed, the ninth cause of action incorporates by reference, and is premised exclusively on, the factual allegations which make up the putative class claims.  (FAC, ¶¶ 48, 50.)  Accordingly, the ninth

1  cause of action also is removable and subject to this Court's supplemental jurisdiction

2  under 28 U.S.C. § 1367(a).

3  **VENUE**

4       16.     Venue lies in the Central District of California pursuant to 28 U.S.C.

5  §§ 1441(a), 1391(b) and 84(c) because the State Court Action was filed in this District

6  and Division and the acts complained of allegedly arise out of Plaintiff's employment

7  with Defendant in this District and Division.  (FAC, ¶¶ 2, 3, 5.)

8  **NO WAIVER**

9       17.     By filing this Notice of Removal, Defendant does not waive any of its

10  defenses.

11       WHEREFORE, Defendant respectfully requests that the above-captioned action

12  pending in the Superior Court of the State of California for the County of Los Angeles

13  be removed to the United States District Court for the Central District of California.

14

15  DATED:  September 22, 2010        REED SMITH LLP

16

17                             By _____

18                               Remy Kessler
                             Attorneys for Defendant
                             RADIOSHACK CORPORATION

19  US_ACTIVE-104526651.3

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EXHIBIT A**

# SUMMONS FOR FIRST AMENDED COMPLAINT
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** RADIO SHACK, a Delaware
*(AVISO AL DEMANDADO):* corporation; and DOES 1 through
100, inclusive.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ORIGINAL FILED**

JUL 09 2010

LOS ANGELES
SUPERIOR COURT

**YOU ARE BEING SUED BY PLAINTIFF:** DANIEL ORDONEZ,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually, and
on behalf of all other similarly situated current and
former employees of Radio Shack.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
LOS ANGELES SUPERIOR COURT
111 N. HILL STREET
111 N. HILL STREET
LOS ANGELES, CA 90012-3117

CASE NUMBER:
*(Número del Caso):* BC438528

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MATTHEW J. MATERN (STATE BAR #159798)     (310) 218-5500  (310) 218-1155
RASTEGAR & MATERN, ATTORNEYS AT LAW
1010 CRENSHAW BOULEVARD, SUITE 100
TORRANCE, CA 90501

DATE: JUL 09 2010   **JOHN A. CLARKE,** Clerk, by _CAESAR RIOS_, Deputy
*(Fecha)*   Secretario   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Radio Shack
under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465



Ex. A, pg. 12

**EXHIBIT  B**

1  MATTHEW J. MATERN (State Bar #159798)
   RASTEGAR & MATERN, ATTORNEYS AT LAW
2  1010 Crenshaw Boulevard, Suite 100
   Torrance, California 90501
3  Tel. (310) 218-5500
   Fax.(310) 218-1155
4
   Attorney for Plaintiff Daniel Ordonez, and other
5  similarly situated current and former employees of Radio Shack

**FILED**
Los Angeles Superior Court

MAY 26 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
     SHAUNYA WESLEY

6
7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              FOR THE COUNTY OF LOS ANGELES (Central District)

9  DANIEL ORDONEZ, individually, and          CASE NO.    BC 438528
   on behalf of all other similarly situated
10 current and former employees of Radio       CLASS ACTION COMPLAINT
   Shack,
11                                              1.   Failure to Provide Required
             Plaintiffs,                             Meal Periods
12
       vs.                                      2.   Failure to Provide Required
13                                                   Rest Periods
   RADIO SHACK, a Delaware corporation;
14 and DOES 1 through 100, inclusive,           3.   Failure to Pay Overtime
                                                     Compensation
15           Defendants.
                                                4.   Failure to Pay Minimum Wages
16
                                                5.   Failure to Maintain Required
17                                                   Records

18                                              6.   Failure to Pay All Wages Due to
                                                     Discharged or Quitting
19                                                   Employees

20                                              7.   Failure to Permit Employee to
                                                     Inspect or Copy Records
21
                                                8.   Unfair Business Practices
22
                                                REPRESENTATIVE ACTION
23
                                                9.   Representative Action for
24                                                   Penalties
25
                                                DEMAND FOR JURY TRIAL
26
27
28

                                -1-
                     CLASS ACTION COMPLAINT
W:\Ordonez, Daniel\Pleading\Complaint.d1.wpd

Ex. B , pg. 13

1  DANIEL ORDONEZ, individually, and on behalf of all other similarly situated
2  current and former employees of RADIO SHACK, hereby allege as follows:

**JURISDICTION**

4  1.   This Court is the proper Court, and this action is properly filed in the
5  Superior Court of the State of California, County of Los Angeles, because Defendants'
6  obligations and liability arise in the County of Los Angeles, because Defendants maintain
7  offices and transact business in the County of Los Angeles, and because the work which is
8  the subject of this action was performed by Plaintiffs in the County of Los Angeles.

**PLAINTIFF**

10  2.   Plaintiff DANIEL ORDONEZ ("NAMED PLAINTIFF"), individually, and
11  on behalf of all other similarly situated current and former employees in the State of
12  California (collectively hereafter "PLAINTIFFS") and Does 1 through 100 (collectively
13  "DEFENDANTS"), bring this Class Action to recover, among other things, wages and
14  penalties from unpaid wages earned and due, including but not limited to unpaid minimum
15  wages, unpaid and illegally calculated overtime compensation, illegal break policies, failure
16  to maintain required records, and interest, attorneys fees, costs, and expenses.
17  PLAINTIFFS reserve the right to name additional class representatives.
18  3.   The NAMED PLAINTIFF is a resident of Los Angeles County, California.
19  At all relevant times herein, he had been employed by RADIO SHACK as a non-exempt,
20  hourly employee.
21  4.   PLAINTIFFS are current and former non-exempt employees of
22  DEFENDANTS, who held the positions of, among others, sales associates, for a period of
23  time within the four (4) years preceding the filing of this action.

**DEFENDANTS**

25  5.   At all relevant times alleged herein, PLAINTIFFS are informed and believe,
26  and thereon allege that RADIO SHACK is, and at all times relevant hereto was, a Delaware
27  corporation doing business in the State of California, located at 4137 Sepulveda Boulevard,
28  Culver City, California 90230.  PLAINTIFFS are further informed and believe, and

-2-

**CLASS ACTION COMPLAINT**

W:\Ordonez, Daniel\Pleading\Complaint.d1.wpd

1  thereon allege, that Defendant RADIO SHACK is authorized to conduct business in the

2  State of California, and does conduct business in the State of California. Specifically, upon

3  information and belief, RADIO SHACK maintains offices and conducts business in, and

4  engages in illegal payroll practices or policies in, the County of Los Angeles, State of

5  California.

6        6.    The true names and capacities of DOES 1 through 100, inclusive, are

7  unknown to PLAINTIFFS, who therefore sue said DOE Defendants by fictitious names.

8  PLAINTIFFS will amend this Complaint to show their true names and capacities when they

9  have been ascertained.

10        7.    At all relevant times herein, in perpetrating the acts and omissions alleged

11  herein, DEFENDANTS, and each of them, acted pursuant to and in furtherance of their

12  policies and practices of not paying PLAINTIFFS all wages earned and due, all wages due

13  upon discharge, through methods and schemes including but not limited to, failing to

14  provide rest and meal periods as required by law; failing to properly record the meal

15  periods; failing to provide itemized statements per pay period as required by law; failing to

16  provide overtime compensation; failing to properly maintain records; and illegal break

17  policies, in violation of California Labor Code and Industrial Welfare Commission Orders.

18        8.    PLAINTIFFS are in formed and believe, and thereon allege that each and

19  every one of the acts and omissions alleged herein was performed by, and/or attributable to,

20  all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and

21  control of each of the other DEFENDANTS, and that said acts and failures to act were

22  within the course and scope of said agency, employment and/or direction and control.

23        9.    As a direct and proximate result of the unlawful actions of DEFENDANTS,

24  PLAINTIFFS have suffered and continue to suffer from loss of earnings in amounts as yet

25  unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

26                    **CLASS ACTION DESIGNATION**

27        10.    This action is appropriately suited for a Class Action because:

28            A.    The potential class is a significant number. Joinder of all current and

-3-
**CLASS ACTION COMPLAINT**

Ex. $\underline{b}$, pg. $\underline{15}$

1  former employees individually would be impractical.

2      B.      This action involves common questions of law and fact to the

3  potential class because the action focuses on the DEFENDANTS' systematic course of

4  illegal payroll practices and policies, which was applied to all hourly employees in violation

5  of the California Labor Code, and the California Business and Professions Code which

6  prohibits unfair business practices arising from such violations.

7      C.      The claims of the NAMED PLAINTIFF is typical of the class

8  because DEFENDANTS subjected all of their hourly employees to the identical violations

9  of the California Labor Code and California Business and Professions Code.

10     D.      The NAMED PLAINTIFF is able to fairly and adequately protect the

11 interests of all members of the Class because it is in his best interest to prosecute the claims

12 alleged herein to obtain full compensation due to him for all services rendered and hours

13 worked.

14                          **FIRST CAUSE OF ACTION**

15                   **Failure to Provide Required Meal Periods**
                            **(Against all Defendants)**

16

17     11.     PLAINTIFFS incorporate herein by specific reference as though fully set

   forth the allegations in paragraphs 1 through 10.

18

19     12.     At all times relevant herein, as part of their illegal payroll policies and

20 practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS

21 required, permitted or otherwise suffered their employees to take less than the required 30-

22 minute meal period or to work through them, and failed to otherwise provide the required

23 meal periods to their employees as required under California Labor Code § 226.7 and IWC

   Order 4-2001(11).

24

25     13.     DEFENDANTS further violated California Labor Code § 226.7 and IWC

26 Order 4 by failing to pay each of their employees who was not provided with a meal period

   as required an additional one hour of compensation at each employees' regular rate of pay.

27 ///

28

                          **CLASS ACTION COMPLAINT**

W:\Ordonez, Daniel\Pleading\Complaint.d1.wpd

14.   DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197 and IWC Order 4 by failing to compensate the employees for all hours worked during their meal periods.

15.   As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, expenses and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods
### (Against all Defendants)

16.   PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 15.

17.   At all times relevant herein, as part of their illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to the non-exempt employees as required under California Labor Code § 226.7 and IWC Order 4-2001(12).

18.   DEFENDANTS further violated Labor Code § 226.7 and IWC Order 4 by failing to pay each of their employees who was not provided with a rest period as required an additional one hour of compensation at each employee's regular rate of pay.

19.   As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees and expenses and costs of suit.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Compensation
### (Against all Defendants)

20.   PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 19.

21.   Pursuant to California Labor Code §§ 510 and 1194, for the four (4) years preceding the filing of this lawsuit, DEFENDANTS were required to compensate PLAINTIFFS for all overtime, which is calculated at one and one-half (1 ½) times the

-5-

**CLASS ACTION COMPLAINT**

Ex. **b**. pg. 17

1   regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40)

2   hours per week, and for the first eight (8) hours on the seventh consecutive work day, with

3   double time for any work in excess of eight (8) hours on the seventh day of any work week,

4   or after twelve (12) hours in any work day.

5        22.    PLAINTIFFS were non-exempt employees entitled to the protections of

6   California Labor Code §§ 510 and 1194.  During the course of PLAINTIFFS' employment,

7   DEFENDANTS failed to compensate PLAINTIFFS for overtime hours worked as required

8   under the foregoing provisions of the California Labor Code by: failing to pay overtime at

9   one and one-half (1 ½) or double the regular rate of pay as provided by California Labor

10  Code §§ 510 and 1194; requiring, permitting or suffering the employees to work off the

11  clock; requiring, permitting or suffering the employees to work through breaks; illegally

12  and inaccurately recording time worked; failing to properly maintain records; failing to

13  provide accurate itemized statements for each pay period; failing to pay all wages due upon

14  discharge or quitting; and other methods to be discovered.

15       23.    In violation of state law, DEFENDANTS have knowingly and willfully

16  refused to perform their obligations to compensate PLAINTIFFS for all wages earned and

17  all hours worked.  As a direct result, PLAINTIFFS have suffered, and continue to suffer,

18  substantial losses related to the use and enjoyment of such wages, lost interest on such

19  wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully

20  perform their obligations under state law, all to their respective damages in amounts

21  according to proof at time of trial, and within the jurisdiction of this Court.

22       24.    DEFENDANTS committed the acts alleged herein knowingly and willfully,

23  with the wrongful and deliberate intention of injuring PLAINTIFFS, from improper

24  motives amounting to malice, and in conscious disregard of PLAINTIFFS' rights.

25  PLAINTIFFS are thus entitled to recover nominal, actual, compensatory, punitive, and

26  exemplary damages in amounts according to proof at time of trial, and within the

27  jurisdiction of this Court.

28       25.    DEFENDANTS' conduct described herein violates Labor Code §§ 226,

-6-

**CLASS ACTION COMPLAINT**

Ex. 6, pg. 18

510, 1194, 1197 and IWC Order 4.  Therefore, pursuant to California Labor Code §§ 200, 203, 218.5, 226, 558, 1194, 1994.2, 1197.1, and other applicable provisions under the Labor Code and IWC Orders, PLAINTIFFS are entitled to recover the unpaid balance of wages DEFENDANTS owe PLAINTIFFS, plus interest, penalties, attorneys' fees, expenses and costs of suit.

### FOURTH CAUSE OF ACTION

**Failure to Pay Minimum Wages**
**(Against all Defendants)**

26.     PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 25.

27.     Pursuant to California Labor Code §1194 and §1197, payment of less than minimum wage fixed by the Industrial Welfare Commission is unlawful.

28.     DEFENDANTS failed to pay PLAINTIFFS minimum wages by failing to pay for all hours worked by: requiring, permitting or suffering the employees to work off the clock; requiring, permitting or suffering the employees to work through breaks; illegally and inaccurately recording time worked; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; and other methods to be discovered.

29.     DEFENDANTS' conduct described herein violates Labor Code §§ 226, 510, 1194, 1197 and IWC Order 4.  As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 218.5, 226, 558, 1194, 1994.2, 1197.1, and other applicable provisions under the Labor Code and IWC Orders, PLAINTIFFS are entitled to recover the unpaid balance of wages DEFENDANTS owe PLAINTIFFS, plus interest, penalties, attorneys' fees, expenses and costs of suit.

///
///
///

**CLASS ACTION COMPLAINT**

W:\Ordonez, Daniel\Pleading\Complaint.dl.wpd

Ex. B, pg. 19

## FIFTH CAUSE OF ACTION

### Failure to Maintain Required Records
### (Against all Defendants)

30.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 29.

31.    At all times relevant herein, as part of their illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to maintain records as required under California Labor Code §1174, 1174.5 and IWC Order 4-2001(7), including but not limited to failing to maintain accurate records as to all hours worked by an employee and applicable rates of pay, all deductions, records of meal periods and accurate itemized statements.

32.    As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, and expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged or Quitting Employees
### (Against all Defendants)

33.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 32.

34.    Pursuant to California Labor Code § 201, 202, and 203, upon former employee PLAINTIFFS' respective dates of discharge or quitting, DEFENDANTS were required to pay PLAINTIFFS all earned wages. Pursuant to California § 202, DEFENDANTS were required to pay all wages due to a quitting employee who did not provide 72-hour notice no later than 72 hours after an employee quits his or her employment. At the time of all former employee PLAINTIFFS' respective termination and quitting dates, former employee PLAINTIFFS had unpaid wages. In violation of Labor Code §§ 201, 202 and 203, DEFENDANTS failed to pay each former employee PLAINTIFF any of the amount of wages due and owing him or her, in amounts to be proven at the time of trial, but in excess of the jurisdiction of this Court.

CLASS ACTION COMPLAINT

W:\Ordonez, Daniel\Pleading\Complaint.d1.wpd

Ex. B, pg. 20

1    35.   DEFENDANTS' failure to pay former employee PLAINTIFFS the

2  respective wages due and owing them was willful, as DEFENDANTS were apprised of the

3  wages due, and a demand was made for payment of all wages due.

4    36.   DEFENDANTS' failure to pay former employee PLAINTIFFS all wages

5  due were done with the wrongful and deliberate intention of injuring PLAINTIFFS, from

6  improper motives amounting to malice and in conscious disregard of PLAINTIFFS' rights.

7    37.   DEFENDANTS' willful failure to pay PLAINTIFFS the wages due and

8  owing each of them constitutes violations of Labor Code §§ 201, 202 and 203, which

9  provides that an employee's wages will continue as a penalty for up to thirty (30) days from

10  the time the wages were due.  Therefore, PLAINTIFFS are each entitled to penalties,

11  attorneys' fees, expenses and costs incurred in this action.

12              **SEVENTH CAUSE OF ACTION**

13       **Failure to Permit Employee to Inspect or Copy Records**
              **(Against all Defendants)**

14
      38.   PLAINTIFFS incorporate herein by specific reference as though fully set
15
   forth the allegations in paragraphs 1 through 37.
16
      39.   Pursuant to California Labor Code § 226(b), employers must afford
17
   current and former employees the right to inspect or copy records that pertain to that current
18
   or former employee, upon reasonable request.
19
      40.   Pursuant to California Labor Code § 226(c) and (f), an employer who
20
   receives a written or oral request to inspect or copy records pertaining to a current or former
21
   employee must comply with such a request no later than 21 calendar days from the date of
22
   request.  An employer who fails to comply with this request within 21 days is subject to a
23
   $750 penalty to the current or former employee or the Labor Commissioner.
24
      41.   NAMED PLAINTIFF sent a written request to DEFENDANTS requesting
25
   a copy of records kept by the DEFENDANTS pertaining to NAMED PLAINTIFF.
26
      42.   DEFENDANTS failed to comply with NAMED PLAINTIFF's request
27
   within 21 calendar days.
28

-9-
**CLASS ACTION COMPLAINT**

W:\Ordonez, Daniel\Pleading\Complaint.d1.wpd

Ex. _B_, pg. _21_

43.    NAMED PLAINTIFF is therefore entitled to an award of $750 and attorneys fees against the DEFENDANTS as a penalty for failure to comply with this request.

## EIGHT CAUSE OF ACTION

### Unfair Business Practices
### (Against all Defendants)

44.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 43.

45.    By violating the foregoing statutes and regulations, DEFENDANTS' acts constitute unfair and unlawful business practices under Business and Professions Code §§ 17200, *et seq.*

46.    DEFENDANTS' violations of California wage and hour laws constitutes a business practice because it was done repeatedly over a significant period of time, and in a systematic manner to the detriment of PLAINTIFFS.

47.    For the four (4) years preceding the filing of this action, PLAINTIFFS have suffered damages and request damages and/or restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court.

## REPRESENTATIVE ACTION

## NINTH CAUSE OF ACTION

### Representative Action for Civil Penalties
### (Cal. Lab. Code Sections 2698-2699.5)
### (Against all Defendants)

48.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 47.

49.    Pursuant to California Labor Code sections 2698-2699.5, PLAINTIFFS are entitled to collect civil penalties from DEFENDANTS in a representative action for the California Labor Code violations set forth above. PLAINTIFFS therefore seek to collect civil penalties on behalf of the State of California for DEFENDANTS' violations of California Labor Code sections 201, 202, 203, 221, 226, 226.7, 512, 1194, 1197 and 2802,

-10-

**CLASS ACTION COMPLAINT**

1  which include, but are not limited to, penalties under Labor Code sections 2699, 210,
2  225.5, 226.3, 558, 1174.5 and 1197.1.

3        50.    PLAINTIFFS have given written notice by certified mail to the Labor and
4  Workforce Development Agency and DEFENDANTS of the specific Labor Code
5  provisions alleged to have been violated, including the facts and theories to support the
6  alleged violations, and the Labor and Workforce Development Agency notified
7  PLAINTIFFS by certified mail that it does not intend to investigate the alleged violations.

8        51.    PLAINTIFFS have complied with the requirements set forth in California
9  Labor Code section 2699.3.

10       Wherefore, PLAINTIFFS pray for relief as follows:

11   1.   For nominal damages;

12   2.   For compensatory damages;

13   3.   For restitution of all monies due to PLAINTIFFS; and disgorged profits
14        from the unlawful business practices of DEFENDANTS;

15   4.   For all applicable penalties under the California Labor Code and IWC
16        Orders and for violations alleged herein;

17   5.   For liquidated damages pursuant to Labor Code § 1194.2;

18   6.   For civil penalties according to proof;

19   7.   For interest accrued to date;

20   8.   For costs of suit and expenses;

21   9.   For reasonable attorney's fees;

22   10.  For punitive and exemplary damages;

23   11.  For injunctive relief;

24   12.  For all such other and further relief that the Court may deem just and
25        proper.

26  ///
27  ///
28  ///

-11-
**CLASS ACTION COMPLAINT**

Ex. _B_, pg. _23_

1   DATED: May 2̸4̸ 2010               Respectfully submitted,

2

3                                       RASTEGAR & MATERN

4                         By:

5                                         Matthew J. Matern
                                          Attorneys for Plaintiff

6                                         Daniel Ordonez,
                                        and other similarly situated current and

7                                         former employees of Radio Shack

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

**CLASS ACTION COMPLAINT**

W:\Ordonez, Daniel\Pleading\Complaint.d1.wpd

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: May 24, 2010

Respectfully submitted,

RASTEGAR & MATERN

By: _____
Matthew J. Matern
Attorney for Plaintiff
Daniel Ordonez,
and other similarly situated current and
former employees of Radio Shack

-13-
**CLASS ACTION COMPLAINT**

W:\Ordonez, Daniel\Pleading\Complaint.d1.wpd

Ex. b , pg. 25

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
MATTHEW J. MATERN (STATE BAR #159798)
RASTEGAR & MATERN, ATTORNEYS AT LAW
1010 CRENSHAW BOULEVARD, SUITE 100
TORRANCE, CA 90501
TELEPHONE NO.: (310) 218-5500   FAX NO.: (310) 218-1155
ATTORNEY FOR *(Name):* PLAINTIFF, DANIEL ORDONEZ

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012-3117
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: DANIEL ORDONEZ v RADIO SHACK

**FOR COURT USE ONLY**

**FILED**
Los Angeles Superior Court

MAY 26 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SHAUNYA WESLEY

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: BC438528 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | | JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812 )**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [X] is [ ] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [X] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Type of remedies sought *(check all that apply):*
a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

**4.** Number of causes of action *(specify):* NINE

**5.** This case [X] is [ ] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: MAY 24, 2010

MATTHEW J. MATERN (STATE BAR #159798)
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.)  Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court
Standards of

Ex. B, pg. 26

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

## To Plaintiffs and Others Filing First Papers

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

## To Parties in Complex Cases

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach-Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case-Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or
   Residential.)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil
Litigation (Cal. Rules of Court Rule
1800-1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally
   complex case type listed above)*
   (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)*
   (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
      Claim
   Other Civil Petition

---

CM-010 [Rev. January 1, 2006]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

Ex. B, pg. 27

| SHORT TITLE: DANIEL ORDONEZ v RADIO SHACK | CASE NUMBER |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [X] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 25 [ ] HOURS/ [X] DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (See Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0

Ex. B, pg. 28

| SHORT TITLE: | DANIEL ORDONEZ v RADIO SHACK | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/<br>Wrongful Death Tort (Cont'd.)** | Professional<br>Negligence<br>(25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment<br>(15) | ☒ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful<br>eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract<br>(37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| | Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2. ,6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer -<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer -<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer -<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04



CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 2 of 4

Ex. B, pg. 29

| SHORT TITLE: DANIEL ORDONEZ V RADIO SHACK | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review [Cont'd.]** | Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC, rule 2.0

Ex. _b_, pg. _30_

| SHORT TITLE: DANIEL ORDONEZ v RADIO SHACK | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 4137 SEPULVEDA BOULEVARD |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: CULVER CITY | STATE: CA | ZIP CODE: 90230 | MAY BE FILED IN CENTRAL |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the LOS ANGELES SUPERIOR COURT courthouse in the CENTRAL District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: MAY 24 2010

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Ex. B, pg. 31

**EXHIBIT  C**

1  MATTHEW J. MATERN (State Bar #159798)
   WENDY SHA (State Bar #240364)
2  RASTEGAR & MATERN, ATTORNEYS AT LAW
   1010 Crenshaw Boulevard, Suite 100
3  Torrance, California 90501
   Tel. (310) 218-5500
4  Fax.(310) 218-1155

**ORIGINAL FILED**

JUL 09 2010
LOS ANGELES
SUPERIOR COURT

5  Attorney for Plaintiff Daniel Ordonez, and other
   similarly situated current and former employees of Radio Shack

6

7          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8          **FOR THE COUNTY OF LOS ANGELES (Central District)**

9
   DANIEL ORDONEZ, individually, and           )   **CASE NO. BC438528**
10 on behalf of all other similarly situated     )
   current and former employees of Radio       )   **FIRST AMENDED COMPLAINT**
11 Shack,                                        )
                                                 )   **CLASS ACTION**
12              Plaintiffs,                       )
                                                 )   1.   **Failure to Provide Required**
13         vs.                                    )        **Meal Periods**
                                                 )
14 RADIO SHACK, a Delaware corporation;          )   2.   **Failure to Provide Required**
   and DOES 1 through 100, inclusive,            )        **Rest Periods**
15                                                )
                Defendants.                       )   3.   **Failure to Pay Overtime**
16                                                )        **Compensation**
                                                 )
17                                                )   4.   **Failure to Pay Minimum Wages**
                                                 )
18                                                )   5.   **Failure to Maintain Required**
                                                 )        **Records**
19                                                )
                                                 )   6.   **Failure to Pay All Wages Due to**
20                                                )        **Discharged or Quitting**
                                                 )        **Employees**
21                                                )
                                                 )   7.   **Failure to Permit Employee to**
22                                                )        **Inspect or Copy Records**
                                                 )
23                                                )   8.   **Unfair Business Practices**
24                                                )   **REPRESENTATIVE ACTION**
25                                                )   9.   **Representative Action for Civil**
                                                          **Penalties**
26

27                                                    **DEMAND FOR JURY TRIAL**

28

-1-

**FIRST AMENDED COMPLAINT**

W:\Ordonez, Daniel\Pleading\FAC.d1.wpd

1

2    DANIEL ORDONEZ, individually, and on behalf of all other similarly situated

3  current and former employees of RADIO SHACK, hereby allege as follows:

4                                    **JURISDICTION**

5         1.      This Court is the proper Court, and this action is properly filed in the

6  Superior Court of the State of California, County of Los Angeles, because Defendants'

7  obligations and liability arise in the County of Los Angeles, because Defendants maintain

8  offices and transact business in the County of Los Angeles, and because the work which is

9  the subject of this action was performed by Plaintiffs in the County of Los Angeles.

10                                   **PLAINTIFF**

11        2.      Plaintiff DANIEL ORDONEZ ("NAMED PLAINTIFF"), individually, and

12 on behalf of all other similarly situated current and former employees in the State of

13 California (collectively hereafter "PLAINTIFFS") and Does 1 through 100 (collectively

14 "DEFENDANTS"), bring this Class Action and Representative Action to recover, among

15 other things, wages and penalties from unpaid wages earned and due, including but not

16 limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation,

17 illegal break policies, failure to maintain required records, and interest, attorneys fees,

18 costs, and expenses.  PLAINTIFFS reserve the right to name additional class

19 representatives.

20        3.      The NAMED PLAINTIFF is a resident of Los Angeles County, California.

21 At all relevant times herein, he had been employed by RADIO SHACK as a non-exempt,

22 hourly employee.

23        4.      PLAINTIFFS are current and former non-exempt employees of

24 DEFENDANTS, who held the positions of, among others, sales associates, for a period of

25 time within the four (4) years preceding the filing of this action.

26                                   **DEFENDANTS**

27        5.      At all relevant times alleged herein, PLAINTIFFS are informed and believe,

28 and thereon allege that RADIO SHACK is, and at all times relevant hereto was, a Delaware

corporation doing business in the State of California, located at 4137 Sepulveda Boulevard,

**FIRST AMENDED COMPLAINT**

W:\Ordonez, Daniel\Pleading\FAC.d1.wpd.

Ex. ⌣, pg. 33

Culver City, California 90230.  PLAINTIFFS are further informed and believe, and thereon allege, that Defendant RADIO SHACK is authorized to conduct business in the State of California, and does conduct business in the State of California.  Specifically, upon information and belief, RADIO SHACK maintains offices and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

6.     The true names and capacities of DOES 1 through 100, inclusive, are unknown to PLAINTIFFS, who therefore sue said DOE Defendants by fictitious names. PLAINTIFFS will amend this Complaint to show their true names and capacities when they have been ascertained.

7.     At all relevant times herein, in perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to and in furtherance of their policies and practices of not paying PLAINTIFFS all wages earned and due, all wages due upon discharge, through methods and schemes including but not limited to, failing to provide rest and meal periods as required by law; failing to properly record the meal periods; failing to provide itemized statements per pay period as required by law; failing to provide overtime compensation; failing to properly maintain records; and illegal break policies, in violation of California Labor Code and Industrial Welfare Commission Orders.

8.     PLAINTIFFS are in formed and believe, and thereon allege that each and every one of the acts and omissions alleged herein was performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

9.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFFS have suffered and continue to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION DESIGNATION

10.     PLAINTIFFS' first eight causes of action, namely failure to provide require

**FIRST AMENDED COMPLAINT**

W:\Ordonez, Daniel\Pleading\FAC.d1.wpd

Ex. _C_, pg. 34

1  meal periods, failure to provide required rest periods, failure to pay overtime compensation,

2  failure to pay minimum wages, failure to maintain required records, failure to pay all wages

3  due to discharged or quitting employees, failure to permit employees to inspect or copy

4  records and unfair business practices, are appropriately suitable for class treatment because:

5      A.    The potential class is a significant number.  Joinder of all current and

6  former employees individually would be impractical.

7      B.    This action involves common questions of law and fact to the

8  potential class because the action focuses on the DEFENDANTS' systematic course of

9  illegal payroll practices and policies, which was applied to all hourly employees in violation

10  of the California Labor Code, and the California Business and Professions Code which

11  prohibits unfair business practices arising from such violations.

12      C.    The claims of the NAMED PLAINTIFF is typical of the class

13  because DEFENDANTS subjected all of their hourly employees to the identical violations

14  of the California Labor Code and California Business and Professions Code.

15      D.    The NAMED PLAINTIFF is able to fairly and adequately protect the

16  interests of all members of the Class because it is in his best interest to prosecute the claims

17  alleged herein to obtain full compensation due to him for all services rendered and hours

18  worked.

19      E.    PLAINTIFFS expressly designate their ninth cause of action as a

20  representative action, and not as a class action.

21                    **FIRST CAUSE OF ACTION**

22              **Failure to Provide Required Meal Periods**
                      **(Against all Defendants)**

23      11.    PLAINTIFFS incorporate herein by specific reference as though fully set

24  forth the allegations in paragraphs 1 through 10.

25      12.    At all times relevant herein, as part of their illegal payroll policies and

26  practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS

27  required, permitted or otherwise suffered their employees to take less than the required 30-

28  minute meal period or to work through them, and failed to otherwise provide the required

-4-
**FIRST AMENDED COMPLAINT**

W:\Ordonez, Daniel\Pleading\FAC.d1..wpd

Ex. C, pg. 35

1  meal periods to their employees as required under California Labor Code § 226.7 and IWC

2  Order 4-2001(11).

3         13.   DEFENDANTS further violated California Labor Code § 226.7 and IWC

4  Order 4 by failing to pay each of their employees who was not provided with a meal period

5  as required an additional one hour of compensation at each employees' regular rate of pay.

6         14.   DEFENDANTS further violated California Labor Code §§ 226.7, 510,

7  1194, 1197 and IWC Order 4 by failing to compensate the employees for all hours worked

8  during their meal periods.

9         15.   As a proximate result of the aforementioned violations, PLAINTIFFS have

10  been damaged in an amount according to proof at trial, and seek all wages earned and due,

11  interest, penalties, attorneys' fees, expenses and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods
### (Against all Defendants)

16.   PLAINTIFFS incorporate herein by specific reference as though fully set

forth the allegations in paragraphs 1 through 15.

17.   At all times relevant herein, as part of their illegal payroll policies and

practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS

failed to provide rest periods to the non-exempt employees as required under California

Labor Code § 226.7 and IWC Order 4-2001(12).

18.   DEFENDANTS further violated Labor Code § 226.7 and IWC Order 4 by

failing to pay each of their employees who was not provided with a rest period as required

an additional one hour of compensation at each employee's regular rate of pay.

19.   As a proximate result of the aforementioned violations, PLAINTIFFS have

been damaged in an amount according to proof at trial, and seek all wages earned and due,

interest, penalties, attorneys' fees and expenses and costs of suit.

///

///

-5-

**FIRST AMENDED COMPLAINT**

W:\Ordonez, Daniel\Pleading\FAC.d1.wpd

Ex. _C_, pg. 36

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Compensation
### (Against all Defendants)

20.     PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 19.

21.     Pursuant to California Labor Code §§ 510 and 1194, for the four (4) years preceding the filing of this lawsuit, DEFENDANTS were required to compensate PLAINTIFFS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive work day, with double time for any work in excess of eight (8) hours on the seventh day of any work week, or after twelve (12) hours in any work day.

22.     PLAINTIFFS were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.  During the course of PLAINTIFFS' employment, DEFENDANTS failed to compensate PLAINTIFFS for overtime hours worked as required under the foregoing provisions of the California Labor Code by: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510 and 1194; requiring, permitting or suffering the employees to work off the clock; requiring, permitting or suffering the employees to work through breaks; illegally and inaccurately recording time worked; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to pay all wages due upon discharge or quitting; and other methods to be discovered.

23.     In violation of state law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFFS for all wages earned and all hours worked.  As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

-6-
**FIRST AMENDED COMPLAINT**

W:\Ordonez, Daniel\Pleading\FAC.d1.wpd

Ex. _C_, pg. 37

24.     DEFENDANTS committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS' rights. PLAINTIFFS are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

25.     DEFENDANTS' conduct described herein violates Labor Code §§ 226, 510, 1194, 1197 and IWC Order 4.  Therefore, pursuant to California Labor Code §§ 200, 203, 218.5, 226, 558, 1194, 1994.2, 1197.1, and other applicable provisions under the Labor Code and IWC Orders, PLAINTIFFS are entitled to recover the unpaid balance of wages DEFENDANTS owe PLAINTIFFS, plus interest, penalties, attorneys' fees, expenses and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages
### (Against all Defendants)

26.     PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 25.

27.     Pursuant to California Labor Code §1194 and §1197, payment of less than minimum wage fixed by the Industrial Welfare Commission is unlawful.

28.     DEFENDANTS failed to pay PLAINTIFFS minimum wages by failing to pay for all hours worked by: requiring, permitting or suffering the employees to work off the clock; requiring, permitting or suffering the employees to work through breaks; illegally and inaccurately recording time worked; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; and other methods to be discovered.

29.     DEFENDANTS' conduct described herein violates Labor Code §§ 226, 510, 1194, 1197 and IWC Order 4.  As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial.  Therefore,

-7-

**FIRST AMENDED COMPLAINT**

1  pursuant to California Labor Code §§ 200, 203, 218.5, 226, 558, 1194, 1994.2, 1197.1, and

2  other applicable provisions under the Labor Code and IWC Orders, PLAINTIFFS are

3  entitled to recover the unpaid balance of wages DEFENDANTS owe PLAINTIFFS, plus

4  interest, penalties, attorneys' fees, expenses and costs of suit.

5  **FIFTH CAUSE OF ACTION**

6  **Failure to Maintain Required Records**
**(Against all Defendants)**

7  30.     PLAINTIFFS incorporate herein by specific reference as though fully set

8  forth the allegations in paragraphs 1 through 29.

9  31.     At all times relevant herein, as part of their illegal payroll policies and

10  practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS

11  failed to maintain records as required under California Labor Code §1174, 1174.5 and IWC

12  Order 4-2001(7), including but not limited to failing to maintain accurate records as to all

13  hours worked by an employee and applicable rates of pay, all deductions, records of meal

14  periods and accurate itemized statements.

15  32.     As a proximate result of the aforementioned violations, PLAINTIFFS have

16  been damaged in an amount according to proof at trial, and seek all wages earned and due,

17  interest, penalties, attorneys' fees, and expenses and costs of suit.

18  **SIXTH CAUSE OF ACTION**

19  **Failure to Pay All Wages Due to Discharged or Quitting Employees**
**(Against all Defendants)**

20

21  33.     PLAINTIFFS incorporate herein by specific reference as though fully set

22  forth the allegations in paragraphs 1 through 32.

23  34.     Pursuant to California Labor Code § 201, 202, and 203, upon former

24  employee PLAINTIFFS' respective dates of discharge or quitting, DEFENDANTS were

25  required to pay PLAINTIFFS all earned wages.  Pursuant to California § 202,

26  DEFENDANTS were required to pay all wages due to a quitting employee who did not

27  provide 72-hour notice no later than 72 hours after an employee quits his or her

28  employment.  At the time of all former employee PLAINTIFFS' respective termination and

-8-
**FIRST AMENDED COMPLAINT**

1  quitting dates, former employee PLAINTIFFS had unpaid wages.  In violation of Labor

2  Code §§ 201, 202 and 203, DEFENDANTS failed to pay each former employee

3  PLAINTIFF any of the amount of wages due and owing him or her, in amounts to be

4  proven at the time of trial, but in excess of the jurisdiction of this Court.

5      35.    DEFENDANTS' failure to pay former employee PLAINTIFFS the

6  respective wages due and owing them was willful, as DEFENDANTS were apprised of the

7  wages due, and a demand was made for payment of all wages due.

8      36.    DEFENDANTS' failure to pay former employee PLAINTIFFS all wages

9  due were done with the wrongful and deliberate intention of injuring PLAINTIFFS, from

10 improper motives amounting to malice and in conscious disregard of PLAINTIFFS' rights.

11     37.    DEFENDANTS' willful failure to pay PLAINTIFFS the wages due and

12 owing each of them constitutes violations of Labor Code §§ 201, 202 and 203, which

13 provides that an employee's wages will continue as a penalty for up to thirty (30) days from

14 the time the wages were due.  Therefore, PLAINTIFFS are each entitled to penalties,

15 attorneys' fees, expenses and costs incurred in this action.

16                    **SEVENTH CAUSE OF ACTION**

17          **Failure to Permit Employee to Inspect or Copy Records**
                        **(Against all Defendants)**

18     38.    PLAINTIFFS incorporate herein by specific reference as though fully set

19 forth the allegations in paragraphs 1 through 37.

20     39.    Pursuant to California Labor Code § 226(b), employers must afford

21 current and former employees the right to inspect or copy records that pertain to that current

22 or former employee, upon reasonable request.

23     40.    Pursuant to California Labor Code § 226(c) and (f), an employer who

24 receives a written or oral request to inspect or copy records pertaining to a current or former

25 employee must comply with such a request no later than 21 calendar days from the date of

26 request.  An employer who fails to comply with this request within 21 days is subject to a

27 $750 penalty to the current or former employee or the Labor Commissioner.

28

**FIRST AMENDED COMPLAINT**

W:\Ordonez, Daniel\Pleading\FAC.d1.wpd

Ex. _C_, pg. 40

1    41.    NAMED PLAINTIFF sent a written request to DEFENDANTS requesting

2  a copy of records kept by the DEFENDANTS pertaining to NAMED PLAINTIFF.

3    42.    DEFENDANTS failed to comply with NAMED PLAINTIFF's request

4  within 21 calendar days.

5    43.    NAMED PLAINTIFF is therefore entitled to an award of $750 and

6  attorneys fees against the DEFENDANTS as a penalty for failure to comply with this

7  request.

### EIGHT CAUSE OF ACTION

**Unfair Business Practices**
**(Against all Defendants)**

10    44.    PLAINTIFFS incorporate herein by specific reference as though fully set

11  forth the allegations in paragraphs 1 through 43.

12    45.    By violating the foregoing statutes and regulations, DEFENDANTS' acts

13  constitute unfair and unlawful business practices under Business and Professions Code

14  §§ 17200, *et seq.*

15    46.    DEFENDANTS' violations of California wage and hour laws constitutes a

16  business practice because it was done repeatedly over a significant period of time, and in a

17  systematic manner to the detriment of PLAINTIFFS.

18    47.    For the four (4) years preceding the filing of this action, PLAINTIFFS have

19  suffered damages and request damages and/or restitution of all monies to be disgorged from

20  DEFENDANTS in an amount according to proof at time of trial, but in excess of the

21  jurisdiction of this Court.

### NINTH CAUSE OF ACTION

**Representative Action for Civil Penalties**
**(Cal. Lab. Code Sections 2698-2699.5)**
**(Against all Defendants)**

25    48.    PLAINTIFFS incorporate herein by specific reference as though fully set

26  forth the allegations in paragraphs 1 through 47 with exception to the allegations

27  concerning class action designation, paragraph 10(A-D).

28

-10-

FIRST AMENDED COMPLAINT

W:\Ordonez, Daniel\Pleading\FAC.d1.wpd

Ex. C, pg 41

49.    This action is appropriately suited for a Representative Action because:

A.    The individuals Plaintiff sees to represent are a significant number. Joinder of all current and former employees individually would be impractical.

B.    This action involves common questions of law and fact to the potential representative group because the action focuses on the DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all hourly employees in violation of the California Labor Code, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

C.    The claims of the NAMED PLAINTIFF are typical of the representative group because DEFENDANTS subjected all of their hourly employees to the identical violations of the California Labor Code and California Business and Professions Code.

D.    The NAMED PLAINTIFF is able to fairly and adequately protect the interests of all members of the representative group because it is in his best interest to prosecute the claims alleged herein to collect civil penalties due to him arising from DEFENDANTS' illegal wage and hour violations.

50.    Pursuant to California Labor Code sections 2698-2699.5, PLAINTIFFS are entitled to collect civil penalties from DEFENDANTS in a representative action for the California Labor Code violations set forth above. PLAINTIFFS therefore seek to collect civil penalties on behalf of the State of California for DEFENDANTS' violations of California Labor Code, including, but not limited to, sections 201, 202, 203, 221, 226, 226.7, 227.3, 512, 558, 1174, 1194, 1197, 1197.1 and 2802, which include, but are not limited to, penalties under Labor Code sections 2699, 210, 225.5, 226.3, 558, 1174.5 and 1197.1.

51.    PLAINTIFFS have given written notice by certified mail to the Labor and Workforce Development Agency and DEFENDANTS of the specific Labor Code provisions alleged to have been violated, including the facts and theories to support the

-11-
**FIRST AMENDED COMPLAINT**

Ex. C, pg. 42

1  alleged violations, and the Labor and Workforce Development Agency notified

2  PLAINTIFFS by certified mail that it does not intend to investigate the alleged violations.

3      52.    PLAINTIFFS have complied with the requirements set forth in California

4  Labor Code section 2699.3.

5      Wherefore, PLAINTIFFS pray for relief as follows:

6      1.    For nominal damages;

7      2.    For compensatory damages;

8      3.    For restitution of all monies due to PLAINTIFFS; and disgorged profits

9      from the unlawful business practices of DEFENDANTS;

10      4.    For all applicable penalties under the California Labor Code and IWC

11      Orders and for violations alleged herein;

12      5.    For liquidated damages pursuant to Labor Code § 1194.2;

13      6.    For civil penalties according to proof;

14      7.    For interest accrued to date;

15      8.    For costs of suit and expenses;

16      9.    For reasonable attorney's fees;

17      10.    For injunctive relief;

18      11.    For all such other and further relief that the Court may deem just and

19      proper.

21  DATED: July 7, 2010    Respectfully submitted,

22      RASTEGAR & MATERN

23

24      By: _____
    Matthew J. Matern

25      Wendy Sha
    Attorneys for Plaintiff

26      Daniel Ordonez,
    and other similarly situated current and

27      former employees of Radio Shack

28

-12-

**FIRST AMENDED COMPLAINT**

W:\Ordonez, Daniel\Pleading\FAC.d1.wpd

Ex. C, pg. 43

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: July 7, 2010

Respectfully submitted,

RASTEGAR & MATERN

By:

Matthew J. Matern
Wendy Sha
Attorney for Plaintiff
Daniel Ordonez,
and other similarly situated current and
former employees of Radio Shack

-13-
**FIRST AMENDED COMPLAINT**

W:\Ordonez, Daniel\Pleading\FAC.d1.wpd

Ex. __C__, pg. __44__

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)).  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stem | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias\*** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005).
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400.  Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk
                                                                                                                                                              By _____, Deputy Clerk

Ex. C, pg. 45

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

Ex. _C_, pg. _46_

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Ex. _C_, pg. 47

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

Page 2 of 2

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Ex. C, pg. 48

1    MATTHEW J. MATERN (State Bar #159798)
     RASTEGAR & MATERN, ATTORNEYS AT LAW
2    1010 Crenshaw Boulevard, Suite 100
     Torrance, California 90501
3    Tel. (310) 218-5500
     Fax.(310) 218-1155
4

5    Attorney for Plaintiff Daniel Ordonez, and other
     similarly situated current and former employees of Radio Shack
6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8         FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

9

10    DANIEL ORDONEZ, individually, and on      **CASE NO.: BC438528**
     behalf of all other similarly situated
11    current and former employees of Radio
     Shack,
12                          **NOTICE OF CASE**
             Plaintiffs,         **RE-ASSIGNMENT**
13
          vs.
14
     RADIO SHACK, a Delaware
15    corporation; and DOES 1 through 100,
     inclusive,
16

17

18    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

19      **PLEASE TAKE NOTICE** that the Court has ordered a Case Reassignment on the above

20    captioned matter . The above entitled action previously assigned to Hon. Judge Emilie H. Elias in

21    Department 324, is now assigned to Hon. Judge Jane L. Johnson in Department 56 for all purposes.

22

23    [See the attached notice from the clerk.]

24

25    DATED: August 18, 2010              RASTEGAR & MATERN

26

27                   By: _____
                          Matthew J. Matern
28                              Attorney for Plaintiff
                             Daniel Ordonez,
                             and other similarly situated current and
                             former employees of Radio Shack

Ex. C, pg 49

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 06/11/10 | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS   JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE   Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC438528 | Plaintiff Counsel | NO APPEARANCES |
| | DANIEL ORDONEZ VS RADIO SHACK | Defendant Counsel | |
| | NON-COMPLEX (06-11-10) | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Jane L. Johnson in Department 56 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 56 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

        CLERK'S CERTIFICATE OF MAILING/
           NOTICE OF ENTRY OF ORDER

                Page   1 of   2   DEPT. 324

```
MINUTES ENTERED
06/11/10
COUNTY CLERK
```

Ex. _C_, pg. 50

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 06/11/10 | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS        JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE                JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE             Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC438528 | Plaintiff Counsel | |
| | DANIEL ORDONEZ VS RADIO SHACK | | NO APPEARANCES |
| | | Defendant Counsel | |
| | NON-COMPLEX (06-11-10) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 06-11-10 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 06-11-10

John A. Clarke, Executive Officer/Clerk

By: _____KIN HILAIRE_____
          K. HILAIRE

RASTEGAR & MATERN
Attorneys at Law
Matthew J. Matern, Esq.
1010 Crenshaw Boulevard, Suite 100
Torrance, California  90501

Page   2 of   2   DEPT. 324

MINUTES ENTERED
06/11/10
COUNTY CLERK

Ex. C, pg. 51

1   MATTHEW J. MATERN (State Bar #159798)
    **RASTEGAR & MATERN**
2   Attorneys at Law, A P.C.
    1010 Crenshaw Boulevard, Suite 100
3   Torrance, California 90501
    Tel:   (310)218-5500
4   FAX:  (310)218-1155

5   Attorney for Plaintiff Daniel Ordonez, and other
    similarly situated current and former employees of Radio Shack

6

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA

8         FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

9   DANIEL ORDONEZ, individually, and     )   CASE NO.  **BC438528**
    on behalf of all other similarly situated  )
10  current and former employees of Radio  )   **NOTICE OF CASE MANAGEMENT
    Shack,                                 )   CONFERENCE**
11                                         )
               Plaintiff,                  )
12                                         )   Date:    September 17, 2010
         vs.                               )   Time:    8:30 a.m.
13                                         )   Dept.:   56
    RADIO SHACK, a Delaware                )
14  corporation; and DOES 1 through 100,   )
    inclusive,                             )
15                                         )
               Defendants.                 )
16  _____  )

17       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

18       **PLEASE TAKE NOTICE** that the Court has scheduled a Case Management Conference

19  hearing on the above captioned matter on September 17, 2010 at 8:30 a.m., in Department "56" of

20  the above-entitled Court, located at 111 N. Hill Street, Los Angeles, CA 90012.

21  [A copy of the notice from the clerk is attached hereto.]

22

23  DATED: August 18, 2010                  Respectfully Submitted,

24                                          **RASTEGAR & MATERN**

25

26                                  By: _____
                                        Matthew J. Matern
27                                      Attorney for Plaintiff
                                        Daniel Ordonez,
28                                      and other similarly situated current and
                                        former employees of Radio Shack

_____
             NOTICE OF CASE MANAGEMENT CONFERENCE

                                              Ex. _C_, pg. 52

NOTICE SENT TO:

Rastegar & Matern
1010 Crenshaw Boulevard, #100
Torrance,          CA  90501

FILE STAMP **ORIGINAL FILED**

AUG 1 3 2010

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| DANIEL ORDONEZ | Plaintiff(s), | BC438528 |
| VS. | | |
| RADIO SHACK | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  September 17, 2010  at  8:30 am  in  Dept. 56  at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:**     **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  August 13, 2010

_Jane L. Johnson_
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✗] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date:  August 13, 2010

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

Ex. _C_, pg. 53

**EXHIBIT D**

COPY

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| MATTHEW J. MATERN (STATE BAR #159798)<br>WENDY SHA (STATE BAR # 240364)<br>RASTEGAR & MATERN, ATTORNEYS AT LAW<br>1010 CRENSHAW BOULEVARD, SUITE 100<br>TORRANCE, CA 90501 | |

TELEPHONE NO.: (310) 218-5500   FAX NO. *(Optional):* (310) 218-1155

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* PLAINTIFF, DANIEL ORDONEZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA  90012-3117
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER:DANIEL ORDOÑEZ and other similarly
situated current and former employees of Radio Shack
DEFENDANT/RESPONDENT:RADIO SHACK a Delaware corporation;
and DOES 1 through 100, inclusive,

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* [X] UNLIMITED CASE (Amount demanded exceeds $25,000)   [ ] LIMITED CASE (Amount demanded is $25,000 or less) | BC438528 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: September 17, 2010   Time: 8:30 a.m.   Dept.: 56   Div.:   Room:

Address of court *(if different from the address above):*

[ ] Notice of Intent to Appear by Telephone,  by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X]  This statement is submitted by party *(name):*Plaintiff, Daniel Ordoñez.
   b. [ ]  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* May 26, 2010
   b. [ ]  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X]  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ]  The following parties named in the complaint or cross-complaint
      (1) [ ]  have not been served *(specify names and explain why not):*
      (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ]  have had a default entered against them *(specify names):*
   c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in [X] complaint   [ ] cross-complaint     *(Describe, including causes of action):*
      Failure to provide required rest and meal periods, Failure to pay overtime
      compensation, Failure to pay minimum wages, Failure to maintain required
      records, Failure to pay all wages due to discharged or quitting employees,
      Failure to permit employee to inspect or copy records.

Page 1 of 4

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2009] | CASE MANAGEMENT STATEMENT | Legal<br>Solutions<br>Plus | Cal. Rules of Court,<br>rules 3.720–3.730 |
|---|---|---|---|

Ex. D, pg. 54

CM-110

| PLAINTIFF/PETITIONER: DANIEL ORDOÑEZ and other similarly situated current and former employees of Radio Shack DEFENDANT/RESPONDENT: RADIO SHACK a Delaware corporation; and DOES 1 through 100, inclusive, | CASE NUMBER: BC438528 |
| --- | --- |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Defendants failed to provide the required rest and meal periods. Defendants have knowingly and willfully refused to perform their obligations to compensate plaintiff for all wages earned and all hours worked. Defendants failed to pay overtime compensation. Plaintiff sent a written request to Defendants requesting a copy of records kept by the defendants pertaining to Plaintiff. Defendants failed to comply with plaintiff's request within 21 calendar days. Therefore plaintiff is entitled to an award of $750 and attorneys fees against the defendants as a penalty for failure to comply with the request. Plaintiff is entitled to recover the unpaid balance of compensation defendants owe plaintiffs, plus interest, penalties, attorney's fees, expenses and costs of suit.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request  ☒ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* This case will be ready for trial within 9 months of the class certification motion.

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☒  days *(specify number):* 30-40 days

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:

e.  Fax number:

f.  E-mail address:

g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**

a.  Counsel  ☒ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.

b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*

c.  ☐  The case has gone to an ADR process *(indicate status):*

Ex. D, pg. 55

CM-110

| PLAINTIFF/PETITIONER: DANIEL ORDOÑEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: RADIO SHACK | BC438528 |

10. d.  The party or parties are willing to participate in *(check all that apply):*
    (1)  [X]  Mediation
    (2)  [ ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3)  [ ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4)  [ ]  Binding judicial arbitration
    (5)  [ ]  Binding private arbitration
    (6)  [ ]  Neutral case evaluation
    (7)  [ ]  Other *(specify):*

   e.  [ ]  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f.  [ ]  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g.  [ ]  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11.  **Settlement conference**
    [X]  The party or parties are willing to participate in an early settlement conference *(specify when):* To be set by the court.

12.  **Insurance**
   a.  [ ]  Insurance carrier, if any, for party filing this statement *(name):*
   b.  Reservation of rights:   [ ] Yes   [ ] No
   c.  [ ]  Coverage issues will significantly affect resolution of this case *(explain):*

13.  **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   [ ] Bankruptcy   [ ] Other *(specify):*
   Status:

14.  **Related cases, consolidation, and coordination**
   a.  [ ]  There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
     [ ]  Additional cases are described in Attachment 14a.
   b.  [ ] A motion to   [ ] consolidate   [ ] coordinate   will be filed by *(name party):*

15.  **Bifurcation**
    [ ]  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16.  **Other motions**
    [ ]  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Ex. A, pg. 56

CM-110

| PLAINTIFF/PETITIONER: DANIEL ORDOÑEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: RADIO SHACK | BC438528 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | December 2010 |
| Plaintiff | Deposition of Defendants | February 2011 |
| Plaintiff | Deposition of Witnesses | According to C.C.P. |

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21.** Total number of pages attached *(if any):* - 0 -

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: September 9, 2010

Matthew J. Matern
_____
(TYPE OR PRINT NAME)                    ▶  _____
                                              (SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)                    ▶  _____
                                              (SIGNATURE OF PARTY OR ATTORNEY)

                                        ☐ Additional signatures are attached.

CM-110 [Rev. January 1, 2009]              **CASE MANAGEMENT STATEMENT**                    Page 4 of 4

Ex. D, pg. 57

PROOF OF SERVICE

STATE OF CALIFORNIA,         )
                                       ) ss
COUNTY OF LOS ANGELES    )

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years, not a party to the within action; my business address is 1010 Crenshaw Boulevard, Suite 100, Torrance, California 90501.

   On September 13, 2010, I served the following document or documents:

**CASE MANAGEMENT STATEMENT**

[X] by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

     *SEE ATTACHED SERVICE LIST*

[X] **BY MAIL**

[X]  I caused such envelope(s) to be deposited in the mail at Torrance,  California. The envelope(s) was/were mailed with postage thereon fully prepaid.

[] I am "readily familiar" with firms's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business.  I am aware that on motion of party served, service is invalid if postal cancellation date or postage meter date is more than 1 day after the date of deposit for mailing in affidavit.

[] **VIA FACSIMILE**

[] **BY PERSONAL SERVICE**

I delivered such envelope by hand to the offices of the addressee.

   Executed on September 13, 2010 at Torrance, California.

[X] (State)     I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Mayra Escobar

-1-

Ex. D. pg. 58

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**
*Daniel Ordoñez v. Radio Shack*
*Case No: BC438528*

Radio Shack
Registered Agent: Corporation Service Company
2730 Gateway Oaks Drive, Ste. 100
Sacramento, California 95833

-2-

**CASE MANAGEMENT STATEMENT**

Ex. D, pg. 59

**RASTEGAR&MATERN**
ATTORNEYS AT LAW
A Professional Corporation
1010 Crenshaw Boulevard, Suite 100
Torrance, California 90501

USPS POSTAGE / PITNEY BOWES
$ 000.610
02 1P
0002693388    SEP 13 2010
MAILED FROM ZIP CODE 90501

Radio Shack
Registered Agent: Corporation Service
Company
2730 Gateway Oaks Drive, Ste. 100
Sacramento, California 95833

Ex. D, pg. 60

**EXHIBIT E**



POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>MATTHEW J. MATERN        SBN 159798<br>RASTEGAR AND MATERN<br>1010 CRENSHAW BLVD<br>SUITE 100<br>TORRANCE CA 90501<br>310/218-5500 | FOR COURT USE ONLY<br><br>FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>SEP 0 3 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>GLORIETTA ROBINSON |
|---|---|

ATTORNEY FOR:     PLANTIFF

LOS ANGELES SUPERIOR CRT, LOS ANGELES
    CENTRAL DISTRICT-STANLEY MOSK
    111 N. HILL STREET
    LOS ANGELES, CA. 90012

| PLAINTIFF/PETITIONER:    ORDONEZ | 56 | CASE NUMBER:<br>**BC438528** |
|---|---|---|
| DEFENDANT/RESPONDENT:    RADIO SHACK | | |
| **PROOF OF SERVICE OF SUMMONS** | | REF NO. OR FILE NO.:<br>990126/ORDONEZ VS RADIO SHACK |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the:

   SUMMONS ON FIRST AMENDED COMPLAINT
   FIRST AMENDED CLASS ACTION COMPLAINT
   NOTICE OF CASE ASSIGNMENT
   ALTERNATIVE DISPUTE RESOLUTION
   INFORMATION PACKAGE
   NOTICE OF CASE RE-ASSIGNMENT
   MINUTE ORDER 06/11/10
   NOTICE OF CASE MANAGEMENT CONFERENCE

3. a. Party served:

   RADIO SHACK, A DELAWARE CORPORATION, BY SERVING
   THE AGENT FOR SERVICE OF PROCESS, CSC-LAWYERS
   INCORPORATING SERVICE

   b. Person served:

   BECKY DEGEORGE

   Title:

   PROCESS SPECIALIST (AUTHORIZED TO ACCEPT)

4. Address where party was served:
   2730 GATEWAY OAKS DRIVE
   SUITE 100
   SACRAMENTO CA 95833

5. I served the party

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure,   417.10
Invoice No.:   476079

Ex. E, pg. 61

| | | | CASE NUMBER: |
|---|---|---|---|
| PLAINTIFF/PETITIONER: | ORDONEZ | | BC438528 |
| DEFENDANT/RESPONDENT: | RADIO SHACK | | |

a. BY PERSONAL SERVICE. I personally delivered the documents listed
   in item 2 to the party or person authorized to receive service
   of process for the party
   (1) ON: 08/24/10   (2) AT: 01:55 PM

6  The "Notice to the Person Served" was completed as follows:
   on behalf of : RADIO SHACK, A DELAWARE CORPORATION, BY SERVING
            THE AGENT FOR SERVICE OF PROCESS, CSC-LAWYERS
            INCORPORATING SERVICE

         under CCP 416.10 (Corporation)

7.  **Person who served papers**
    a.  Name:                              J. ROSSNER
    b.  Address:                           P.O. 91985 LONG BEACH, CA 90809
    c.  Telephone Number:                  562/595-1337
    d.  The fee for service was:           68.50
    e.  I am:
        (3)  registered California process server:
             (i)    Employee or independent contractor.
             (ii)   Registration No.:            98-02     Expires:
             (iii)  County:             SACRAMENTO

8.  **I declare**          under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.

08/30/10

J. ROSSNER
SIGNAL ATTORNEY SERVICE, INC., LOS ANGELES CO. REG# 4943, EXPIRES

Form Adopted for Mandatory Use                    **PROOF OF SERVICE OF SUMMONS**          Code of Civil Procedure, 417.10
Judicial Council of California POS-010                                                      Invoice No.:     476079
(Rev. January, 2007)

Ex. *E*, pg. 62

**PROOF OF SERVICE**

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On September 22, 2010, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER CLASS ACTION FAIRNESS ACT; EXHIBITS**

☐   by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2.306.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐   by transmitting via email to the parties at the email addresses listed below:

| | |
|---|---|
| Matthew J. Matern, Esq.<br>Rastegar & Matern Attorneys at Law<br>1010 Crenshaw Blvd., Suite 100<br>Torrance, CA 90501 | *Attorneys for Plaintiff*<br>Tel: (310) 218-5500<br>Fax: (310) 218-1155 |

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 22, 2010, at Los Angeles, California.

*Sandy Garcia*
Sandra Garcia