UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7060 CAS (MANx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | DANIEL ORDONEZ, ETC. v. RADIO SHACK | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Wendy Sha<br>Thomas Campbell | Stephanie Espinosa |

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT** (filed 1/10/11)

## I.   INTRODUCTION

On May 26, 2010, plaintiff filed the instant suit in the Los Angeles Superior Court. On July 9, 2010, plaintiff filed a first amended complaint ("FAC") in the action. Defendants removed to the District Court on September 22, 2010.  The case was assigned to this Court on September 27, 2010.  The FAC alleges the following claims: (1) failure to provide required meal periods in violation of Cal. Labor Code § 226.7 and IWC Order 4-2001(11); (2) failure to provide required rest periods in violation of Cal. Labor Code § 226.7 and IWC Order 4-2001(12); (3) failure to pay overtime compensation in violation of Cal. Labor Code §§ 226, 510, 1194, 1197 and IWC Order 4; (4) failure to pay minimum wages in violation of Cal. Labor Code §§ 226, 510, 1194, 1197 and IWC Order 4; (5) failure to maintain required records in violation of Cal. Labor Code § 1174, 1174.5 and IWC Order 4-2001(7); (6) failure to pay all wages due to discharged or quitting employees in violation of Cal. Labor Code §§ 201, 202, 203; (7) failure to permit employee to inspect or copy records in violation of Cal. Labor Code §226; (8) unfair business practices pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq.; and (9) representative action for civil penalties pursuant to Cal. Lab. Code §§ 2698-2699.5.

On December 6, 2010, this Court granted defendant's motion to dismiss with leave to amend with respect to claims one through six, eight and nine of Plaintiff's FAC. Plaintiff filed a second amended complaint ("SAC") on December 27, 2010.  The SAC added a claim for unlawful collection or receipt of wages previously paid and failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7060 CAS (MANx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | DANIEL ORDONEZ, ETC. v. RADIO SHACK | | |

indemnify for expenditures in discharge of duties, pursuant to Cal. Labor Code §§ 221 and 2802 and Wage Order 7-2001. SAC at 13. On January 10, 2011, defendant filed the instant motion to dismiss and/or strike portions of plaintiff's SAC. On January 14, 2011, plaintiff filed an opposition to defendant's motion. On January 24, 2011, defendant filed a reply in support of its motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7060 CAS (MANx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | DANIEL ORDONEZ, ETC. v. RADIO SHACK | | |

U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

**IV.   DISCUSSION**

Defendant argues that plaintiff's "fourth, fifth, and seventh claims are not supported by the requisite factual allegations" under Rule 8 and pursuant to Twombly and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Mot. at 10. "Because plaintiff did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7060 CAS (MANx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | DANIEL ORDONEZ, ETC. v. RADIO SHACK | | |

plead actual facts, which if true, would make his fourth, fifth and seventh claims viable, he has failed to satisfy the pleading requirements of Rule 8." Reply at 2. As to plaintiff's fourth claim, for failure to pay minimum wages, defendant argues that the allegations are insufficient because "[t]here are no factual allegations, for example, as to the number of hours that Plaintiff worked in a day, or the rate at which he was paid, to justify the broad allegation that Radio Shack failed to properly pay minimum wages. Plaintiff's SAC incorrectly assumes, without the requisite factual support, that when an employee allegedly works 'off the clock,' he or she necessarily is not paid minimum wage." Mot. at 10. As to plaintiff's fifth claim, for failure to maintain records, defendant argues that "[p]laintiff's vague allegations . . . do not demonstrate how the wage statements he received from RadioShack violated Labor Code section 226(a). In that regard, the SAC fails to describe the content of those wage statements. Moreover, Plaintiff alleges that RadioShack did not accurately record his meal periods, yet section 226(a) does not require that meal periods be included on the wage statement." Id. at 11.

   As to plaintiff's seventh claim, defendant argues that plaintiff's allegations are insufficient insofar as "there are no facts alleged in the SAC as to what wages 'previously paid' by Radio Shack were improperly 'collected' or 'received so as to constitute an alleged violation of section 221." Id. at 12. Additionally, defendants argue, "with respect to Plaintiff's claim that RadioShack violated California Labor Code section 2802, . . . .[his] general allegations do not state a cognizable claim . . . . First, Plaintiff has not identified any equipment for which he was not reimbursed, which renders that part of the claim purely speculative. Second, Plaintiff has not adequately described the 'slacks and shirts' [he alleges constituted his uniform]. I.W.C. Wage Order 7-2001 defines uniforms as 'apparel and accessories of distinctive design or color.' There are no allegations in the SAC which demonstrate that Plaintiff was charged for a 'uniform' as defined by California law." Id. "More particularly, in the SAC, Plaintiff confusingly alleges, on the one hand, that RadioShack failed to 'reimburse' Plaintiff for a so-called 'uniform,' which necessarily suggests Plaintiff went out and purchased the 'uniform.' (SAC ¶ 11(G)). However, on the other hand, Plaintiff also alleges that RadioShack improperly 'charged' Plaintiff for the 'uniform,' which apparently means that RadioShack supplied the 'uniform' and then deducted the cost from Plaintiff's pay. (SAC ¶ 42). These allegations are entirely inconsistent and violation [sic] the tenants [sic] of Rule 8." Reply at 4. Moreover, defendant argues, plaintiff was not permitted to add this claim as the Court's December 6, 2010 order only "granted Plaintiff leave to correct the deficiencies with the existing claims in the FAC, the Court did not grant him leave to add an entirely new claim." Mot. at 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7060 CAS (MANx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | DANIEL ORDONEZ, ETC. v. RADIO SHACK | | |

As to plaintiff's eighth claim, for violations of the UCL, defendant argues that, because plaintiff's fourth, fifth, and seventh claims are insufficient, "[t]o the extent Plaintiff's UCL claim is predicated on [these] claims, those portions of the UCL must be stricken." Id. at 14. Furthermore, defendant argues, plaintiff's eighth claim cannot be predicated on plaintiff's first, second, fifth, or seventh claims, as these claims provide for the recovery of damages or penalties. Id. Under California law, "[a]n action under the UCL 'is equitable in nature,'" and therefore, "'[p]revailing plaintiffs are generally limited to injunctive relief and restitution.'" Id., citing Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003).

To the extent plaintiff bases his UCL claim on the contentions in his first and second claims "that RadioShack's non-exempt employees were deprived of rest and meal periods in violation of California Labor Code section 226.7," defendant argues that the claim fails because the remedy for such a violation would be recovery of damages, and a UCL claim can only be maintained where the remedy is equitable. Id. at 15. Plaintiff bases this argument on the reasoning of the California Supreme Court in Murphy v. Kenneth Cole Productions, Inc., 40 Cal. 4th 1094 (2007), in which defendant argues the Court concluded that the "additional hour of pay imposed under California Labor Code section 226.7 . . . must be considered a 'premium wage,' at least for statute of limitations purposes." Id. According to defendants, the "Murphy court emphasized the legislative committee's decision that the remedies decision that the remedies available under Bill No. 2509 could be either 'damages or penalties,' highlighting their disjunctive use of the terms. . . . Because Murphy finds that the premium wage payments under California Labor Code section 226.7 do not constitute penalties, then, by definition, they must constitute damages." Id. at 16. Furthermore, defendants argue, Murphy analogizes payments under this section to "state and federal wage and hour laws which provide for liquidated damages as remedies," based on the fact that "regardless of the specific amount of personal time lost as a result of the inability to take a rest or meal period, the Legislature saw fit to determine a fixed amount to compensate the plaintiff." Id. at 16-17. Defendant further argues that recovery under 226.7 is distinguishable from wages under section 220, in which employees have a restitutionary interest, as established in Cortez v. Purolator Air Filtration Products Co., Inc., 23 Cal. 4th 163 (2000) and Prachasaisoradej v. Ralph's Grocery Company, Inc., 42 Cal. 4th 217 (2007), because it "fails to satisfy the 'employee's labor' requirement'" as established in these cases. Id. at 17-18. "Because there is no correlation between the services provided and the payment received, payment for missed meal and rest periods under Cailfornia Labor Code section 226.7 cannot be

Case 2:10-cv-07060-CAS-JCG   Document 27   Filed 02/07/11   Page 6 of 10   Page ID #:370

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7060 CAS (MANx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | DANIEL ORDONEZ, ETC. v. RADIO SHACK | | |

considered equitable in nature, but rather must be considered compensatory and, therefore, not recoverable under the UCL." Reply at 5.

Defendant also argues that plaintiff's UCL claim fails to the extent it is based on an alleged failure to keep accurate records because the remedy under Cal. Labor Code section 226(e) is also not restitutionary. Mot at 19. "On the contrary, an employer's failure to provide an accurate itemized wage statement results only in the recovery of a penalty or damages under California Labor Code section 226(e)." Id. "Section 226(e) explicitly provides that an 'employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of actual damages or fifth dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000).'" Id. at 19-20, citing Cal. Lab. Code § 1174.5.

Similarly, defendant argues that plaintiff's UCL claim fails to the extent it is based on his seventh claim because "[t]he recovery available under California Labor Code section 2802 is more akin to damages than restitution. . . . Plaintiff's UCL claim, to the extent it is premised on a violation of section 2802, cannot result in restitution because RadioShack does not have anything to 'restore' to Plaintiff. Rather, Plaintiff can seek damages if he establishes that his purchases were 'necessary,' that he was not reimbursed by RadioShack, and that his 'costs' were 'reasonable.'" Id. at 21.

Lastly, defendants argue that to the extent plaintiff's tenth claim under PAGA is premised on his fourth, fifth, and seventh claims, it should be stricken, because plaintiff has failed to properly plead those claims. Id. at 22.

In opposition, plaintiff argues that his fourth, fifth, and seventh claims are adequately pleaded under Rule 8(a) and Twombly and Iqbal. Opp. at 3. As to plaintiff's fourth claim, he argues that "[s]ince this Court has already ruled [in its order on defendant's motion to dismiss plaintiff's first amended complaint] that Plaintiff's claim for failure to pay minimum wages was properly pled as to the class, and Plaintiff has now properly pled in his SAC that he was himself a victim of the violations alleged in this [claim], Defendant's Motion should be denied." Id. at 4. As to plaintiff's fifth claim, he argues that he "has properly alleged in the SAC that Defendant failed to record all hours worked by Plaintiff and others similarly situated, including hours worked during meal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7060 CAS (MANx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | DANIEL ORDONEZ, ETC. v. RADIO SHACK | | |

and rest breaks, and overtime hours." Id. at 5. As to his seventh claim, plaintiff argues that it is properly pled. Id. at 6. "Specifically, Plaintiff alleges that 'during the course of PLAINTIFFS' employment, DEFENDANTS, pursuant to their policies and procedures, charged their employees for uniforms and equipment. DEFENDANTS also charged numerous other persons who are similarly situated to the NAMED PLAINTIFF for uniforms and equipment.' SAC, ¶¶ 41, 42. Finally, Plaintiff has also alleges [sic] in the SAC that 'DEFENDANT RADIOSHACK failed to reimburse the NAMED PLAINTIFF for uniform expenses. DEFENDANT RADIOSHACK required that the NAMED PLAINTIFF purchase and wear a uniform while working at Radioshack, including slacks and shifts [sic]. DEFENDANT RADIOSHACK did not reimburse the NAMED PLAINTIFF for uniform expenses incurred by NAMED PLAINTIFF.'" Id.

Plaintiff also argues that "Defendant's claim that Plaintiff has amended his FAC without leave of Court is unmeritorious. Specifically, in the December 6, 2010 Order, the Court dismissed Plaintiff's PAGA claim (ninth cause of action in the FAC) with leave to amend based partly upon Defendant's argument that certain Labor Code provisions listed as bases for the PAGA claim had not previously been mentioned in the FAC, i.e., Labor Code sections 221 and 2802." Id. at 7.

With respect to plaintiff's eighth claim, he argues that "wages withheld and/or owed to Plaintiff for missed meal and rest breaks are within the scope of the UCL. Moreover, the 'the [sic] Central District has said quite specifically that 'payments under Section 226.7 are restitutionary because they are akin to payment of overtime wages to an employee: both are 'earned wages' and thus recoverable under the UCL.'" Id., citing Doe v. D.M. Camp & Sons, 2009 U.S. Dist. LEXIS 33606, *40 (E.D. Cal. 2009). Plaintiff further argues that defendant's reliance on Murphy is missplaced, and the argument defendant makes in reliance on that case was rejected in Lopez v. UPS, 2010 U.S. Dist. LEXIS 26072 (N.D. Cal. 2010). Opp. at 8-9. Moreover, plaintiff argues, "Plaintiff is not only pursuing his meal and rest period claims based upon RadioShack's failure to pay Plaintiff and others similarly situated the 'premium wage' under Cal. Lab. Code Section 226.7(b). Rather, Plaintiff has also alleged that he and others similarly situated were not compensated for all hours worked during their break periods; were also forced to take less time for break periods than required by law; and were required to work

Case 2:10-cv-07060-CAS-JCG   Document 27   Filed 02/07/11   Page 8 of 10   Page ID #:372

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7060 CAS (MANx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | DANIEL ORDONEZ, ETC. v. RADIO SHACK | | |

through break periods."[1] Id. at 9, citing SAC ¶¶ 13, 15, 18.

Plaintiff also argues that his eighth claim should not be stricken to the extent it relies on alleged failure to maintain required records pursuant to Cal. Labor Code § 226(a). Opp. at 9. Plaintiff argues that this alleged violation is a proper predicate for a UCL claim because "wages are a potential remedy in accordance with Cal. Lab. Code Section 226(e)" pursuant to Cornn v. UPS, 2006 U.S. Dist LEXIS 9013 at *8-12 (N.D. Cal. 2006). Id. at 10. Plaintiff also argues his UCL claim can be maintained to the extent it is based on an alleged violation of Cal. Labor Code § 2802 because "Plaintiff is attempting to recover money that was obtained from Plaintiff and others similarly situated through Defendant's unlawful business practice of failing to provide Plaintiff and others similar situated employees [sic] uniforms and/or tools free of charge, as alleged in his seventh cause of action." Id. at 10.

The Court concludes as follows. As to plaintiff's fourth claim, the Court DENIES defendant's motion to dismiss. The Court has already determined, as outlined in its December 6, 2010 order, that this claim was properly pled pursuant to Rule 8 and Twombly. In that order, the Court granted defendant's motion to dismiss on the basis that plaintiff had not "sufficiently allege[d] that he was himself the victim of the violations alleged." Dec. 6, 2010 order at 5. In his SAC, plaintiff has amended accordingly, and the Court therefore finds that dismissal of this claim is not proper.

As to plaintiff's fifth and seventh claims, the Court DENIES defendant's motion to dismiss. The Court finds that these claims are sufficiently pled under Rule 8 and Twombly. Moreover, as to any ambiguity in the seventh claim with respect to the alleged uniform, the Court concludes that defendant can acquire additional information during discovery, and may, at the summary judgment stage, be able to demonstrate, for example, that the alleged "shirt and slacks" are not a "uniform" pursuant to California law. The Court additionally determines that it is proper under this Court's December 6, 2010 order

---

[1] In reply, defendant argues that in making this argument, "Plaintiff is confusing an alleged violation of Labor Code 226.7 with alleged violations of California's overtime and minimum wage provisions. To the extent that Plaintiff can properly plead alleged violations of the overtime and minimum wage provisions, RadioShack does not dispute that the UCL affords a remedy." Reply at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7060 CAS (MANx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | DANIEL ORDONEZ, ETC. v. RADIO SHACK | | |

for plaintiff to have added his seventh claim, and, alternatively, that it is appropriate for the Court to grant plaintiff leave to add this claim.

As to plaintiff's eighth claim, the Court DENIES defendant's motion to dismiss and DENIES plaintiff's motion to strike plaintiff's UCL claim to the extent it is predicated on plaintiff's claims based on rest and meal period violations and failure to provide uniforms. The Court GRANTS defendant's motion to strike to the extent the claim is predicated on plaintiff's claim that defendant failed to maintain accurate records.

The Court concludes that plaintiff's UCL claim can be maintained to the extent it is based on allegations of section 226.7. Doe v. D.M. Camp & Sons, 2009 U.S. Dist. LEXIS 33606 at *41. ("[T]he Central District has said quite specifically that 'payments under Section 226.7 are restitutionary because they are akin to payment of overtime wages to an employee: both are 'earned wages' and thus recoverable under the UCL.' *Tomlinson v. Indymac Bank*, F.S.B., 359 F. Supp. 2d 891, 896 (C.D. Cal. 2005)"). The Court further concludes that the UCL claim may be maintained to the extent it is predicated on plaintiff's claim under Sections 221 and 2802. See Woo v. Home Loan Group, L.P., 2007 WL 6624925 at *4 (S.D. Cal. Jul. 27, 2007). ("[Plaintiff] alleges that Defendants have failed to provide her with benefits to which she was entitled as part of her compensation. Moreover, even if not characterized as unpaid wages, Plaintiff alleges that she has a vested interest in the unpaid amounts, and 'restitution is broad enough to allow a plaintiff to recover money or property in which he or she has a vested interest.' *Korea Supply Co.*, 29 Cal. 4th at 1149. Further, as alleged, the amounts represent 'quantifiable sums one person owes to another . . . . Accordingly the Court denies [defendants'] motion to dismiss Plaintiff's section 17200 claims based on the argument that unreimbursed business related expenses . . . are unavailable as restitution under section[] 17200 ."). However, to the extent plaintiff's UCL claim is based upon his allegations that defendant failed to keep accurate records, the Court determines that Section 226(e) on its face provides for penalties rather than restitution and therefore cannot be the predicate violation on which to based plaintiff's UCL claim.

Lastly, because the Court has determined that the fourth, fifth and seventh claims are sufficient, the Court DENIES defendant's motion to strike portions of plaintiff's PAGA claims based upon these violations.

**IV.     CONCLUSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7060 CAS (MANx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | DANIEL ORDONEZ, ETC. v. RADIO SHACK | | |

    In light of the foregoing, the Court DENIES defendant's motion to dismiss and DENIES defendant's motion to strike except to the extent that defendant argues plaintiff's UCL claim should be stricken to the extent it is premised on plaintiff's allegations that defendant failed to maintain accurate records.

    IT IS SO ORDERED.

|  |  | 00 | : | 06 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |