UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DANIEL ORDONEZ, individually, and on behalf of all other similarly situated current and former employees of Radio Shack,

Plaintiffs,

vs.

RADIO SHACK, a Delaware corporation; and DOES 1 through 100, inclusive,

Defendants.

CASE NO. CV 10-07060 CAS (JCGx)

PROPOSED CLASS ACTION

[Magistrate Judge Jay C. Gandhi]

**~~[PROPOSED]~~ ORDER APPROVING STIPULATION FOR PROTECTIVE ORDER**

NOTE CHANGES MADE BY THE COURT.

**ORDER**

Having read and considered the STIPULATION FOR PROTECTIVE ORDER entered into and submitted by Plaintiff Daniel Ordonez and Defendant RadioShack Corporation, filed concurrently herewith, and for good cause shown:

The Court ~~hereby~~ **APPROVES** the STIPULATION FOR PROTECTIVE ORDER, as modified, and adopts it as the **ORDER** of the Court. See attached modified Stipulation.

DATED: April 25, 2012

Hon. Jay C. Gandhi
United States Magistrate Judge

CHAMBERS COPY

Matthew J. Matern (State Bar No. 159798)
mjm@rastegar-matern.com
Wendy Sha (State Bar No. 240364)
ws@rastegar-matern.com
S. Emi Ikeda Minne (State Bar No. 253179)
emiikeda@rastegar-matern.com
RASTEGAR & MATERN, ATTORNEYS AT LAW
1010 Crenshaw Boulevard, Suite 100
Torrance, California 90501
Telephone: (310) 218-5500
Facsimile: (310) 218-1155

Attorneys for Plaintiff Daniel Ordonez and others similarly situated

Remy Kessler (SBN 123165)
rkessler@reedsmith.com
Stephanie Espinosa (SBN 251794)
sespinosa@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

Attorneys for Defendant RadioShack Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DANIEL ORDONEZ, individually, and on behalf of all other similarly situated current and former employees of Radio Shack,

Plaintiffs,

vs.

RADIO SHACK, a Delaware corporation; and DOES 1 through 100, inclusive,

Defendants.

CASE NO. CV 10-07060 CAS (JCGx)

PROPOSED CLASS ACTION

[Magistrate Judge Jay C. Gandhi]

**STIPULATION FOR PROTECTIVE ORDER**

NOTE CHANGES MADE BY THE COURT.

**STIPULATION**

Pursuant to this Court's October 11, 2011 order, this Protective Order is entered into by and between Plaintiff Daniel Ordonez ("Plaintiff") and Defendant RadioShack Corporation ("Defendant"), to govern the production and disclosure of Protected Material, as defined below, in this action.

**1.0 Definitions.**

1.1 Party or Parties: Plaintiff Daniel Ordonez and Defendant RadioShack Corporation, the named Parties to this action. The terms "Party" and "Parties" also shall include the current employees of RadioShack Corporation.

1.2 Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, documents or tangible things), that are produced or disclosed in this matter or provided in response to discovery in this matter.

1.3 "Confidential Information":

(i) Data and information protected as a "trade secret" as that term is defined in 18 U.S.C. § 1839 and under applicable California Law;

(ii) Proprietary business and/or financial information, data and software;

(iii) Data and information pertaining to current and former employees of Defendant (other than Plaintiff), including, but not limited to, contact information, personnel records, time keeping records, pay records, and any surveys, statistical analyses of such information or data, as well as other information or data incorporating or aggregating information or data pertaining to current and former employees of Defendant (other than Plaintiff), and;

(iv) Data and information that is protected against disclosure by any Court Order or a written confidentiality agreement between any Party and non-party.

1.4 Designating Party: A Party that designates "Protected Material," as defined below.

1.5 Receiving Party: A Party that receives "Protected Material," as defined below, from a Designating Party.

1.6 Protected Material: Any Discovery Material that contains Confidential Information.

1.7 Outside Counsel: Attorneys (as well as their support staff) who are not employees of a Party but who have been retained to represent or advise a Party in this action.

1.8 In-House Counsel: Attorneys who are employees of a Party.

1.9 Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

1.10 Expert: A person who has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this action.

1.11 Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

**2.0 Scope.**

This Protective Order covers not only Protected Material, but also any information or data copied or extracted from Protected Material, and all copies, excerpts, summaries, or compilations thereof.

**3.0 Duration.**

This Protective Order shall remain in effect, including after this action is concluded, until a Designating Party agrees otherwise in writing, or a Court orders otherwise.

**4.0 Designating Protected Material.**

4.1 Manner and Timing of Designations: Except as otherwise specified in this Protective Order, or as otherwise stipulated or ordered by this Court, Protected Material shall be clearly designated, to the extent possible, before it is produced. Protected Material shall be designated in the manner substantially as follows:

(i) For Discovery Material in documentary form (apart from transcripts of depositions or other pretrial proceedings): The Designating Party shall affix the words "Confidential – Disclosure Restricted By Protective Order" prominently on each page that contains Protected Material.

(ii) For Discovery Material in the form of testimony given in a deposition, ~~hearing or other pretrial proceedings~~: The Party offering the testimony, or on whose behalf the testimony is given, shall identify on the record, before the close of the deposition, ~~hearing or other pretrial proceeding,~~ all Protected Material. When it is impractical to identify separately each portion of testimony that is entitled to be designated as Protected Material, the Party that offers the testimony, or on whose behalf the testimony is given, may invoke on the record (before the deposition, ~~hearing or proceeding is concluded~~) a right to have up to twenty (20) calendar days to designate specific portions of the testimony as Protected Material.

Transcript pages containing Protected Material shall be separately bound by the reporter, who shall prominently affix on the cover page and each page thereafter the words "Confidential – Disclosure Restricted By Protective Order."

(iii) For Discovery Material produced other than in documentary or testimony form: The Designating Party shall affix in a prominent place on the exterior of the Protected Material the words "Confidential – Disclosure Restricted By Protective Order."

(iv) Original Material: A Party that makes original Discovery Material available for inspection need not designate it for protection until after the Receiving Party has indicated which Discovery Material it seeks to have copied and

produced. For purposes of the inspection before the Discovery Material is copied and produced, all of the Discovery Material made available shall still be deemed and treated as Protected Material.

4.2 Inadvertent Failures to Designate: An inadvertent failure to designate Discovery Material as Protected Material shall not waive the Designating Party's right to subsequently secure protection under this Protective Order for such Protected Material. If any Discovery Material is appropriately designated as Protected Material after it is initially produced, the Receiving Party shall make reasonable efforts to assure that the Discovery Material is treated as Protected Material.

4.3 Mistaken Designations: If a Designating Party later determines that Discovery Material marked as "Confidential – Disclosure Restricted By Protective Order" does not qualify as Protected Material, the Designating Party shall promptly notify all Parties that it is withdrawing the mistaken designation.

**5.0 Challenging Confidentiality Designations.**

5.1 Timing of Challenges: Any Party may challenge a designation of Discovery Material as Protected Material, but shall do so in a prompt fashion.

5.2 Meet and Confer: A Party that elects to initiate a challenge to a Designating Party's designation of Discovery Material as Protected Material shall first meet and confer in good faith with Outside Counsel for the Designating Party.

5.3 Judicial Intervention: If a challenge to a confidentiality designation cannot be resolved without this Court's intervention, the Party making the challenge shall file and serve a motion under Local Rule 7 (and in compliance with Local Rule 79-5, if applicable) for an order that the Protected Material at issue not be so designated. Until this Court rules on the motion, the Parties shall continue to treat the Discovery Material in question as Protected Material.

Case 2:10-cv-07060-CAS -JCG

**6.0 Access To And Use Of Protected Material.**

6.1 Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by a Party only in connection with prosecuting or defending this action, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Protected Material shall be maintained by a Receiving Party at a location and in a secure manner that ensures that access to the Protected Material is limited only to persons authorized under this Protective Order. This Protective Order shall not in any way limit or affect the rights or restrict the ability of a Designating Party to use any Discovery Material designated as Protected Material in the normal course of its business without having to comply with this Protective Order.

6.2 Disclosure of Protected Material: Unless otherwise ordered by this Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to the following:

(i) Officers, directors, and employees of a Receiving Party;

(ii) Counsel;

(iii) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" (attached as Exhibit A);

(iv) This Court and its personnel and jury members;

(v) Stenographic reporters, videographers and their staffs, to whom disclosure is reasonably necessary for this action;

(vi) Professional Vendors of the Receiving Party to whom disclosure is reasonably necessary for this action;

(vii) During depositions ~~or pretrial hearings or proceedings~~, witnesses to whom disclosure is reasonably necessary for this action and who have signed the "Agreement To Be Bound By Protective Order."

      6.3    Inadvertent Disclosures: If Protected Material is disclosed by a Receiving Party, through inadvertence or otherwise, to any person not identified in section 6.2(i)-(vii), the Receiving Party shall use its best efforts to bind such person to this Protective Order. In that regard, the Receiving Party shall:

      (i)    Promptly inform such person of the inadvertent disclosure and the provisions of this Protective Order;

      (ii)    Immediately notify the Designating Party of the name and address, if available, of the person to whom Protected Material was inadvertently disclosed; and

      (iii)    Make all reasonable efforts to have the person to whom the inadvertent disclosure was made sign the "Agreement To Be Bound By Protective Order."

**7.0    Protected Material Subpoenaed Or Ordered Produced In Other Legal Proceedings.**

      If a Receiving Party is served with a subpoena or order issued in another legal proceeding that would compel disclosure of any Protected Material, the Receiving Party shall immediately notify the Designating Party in writing within two (2) court days of receiving the subpoena or order. Such notification shall include a copy of the subpoena or order. If the Designating Party thereafter timely seeks a protective order, moves to quash the subpoena or otherwise seeks to enforce this Protective Order, the Party served with the subpoena or order shall not produce any Protected Material before an appropriate determination is made as to whether the Protected Material must be produced.

**8.0    Filing Protected Material.**

      In the event that any Party seeks to file with this Court any Protected Material, such Party shall follow the procedures set forth in Local Rule 79-5, as well as all other applicable Federal and Local Court Rules.

**9.0 Final Disposition.**

Within sixty (60) days after the conclusion of this action, all Protected Material shall be returned by the Receiving Party to the Designating Party or shall be destroyed by the Receiving Party. Unless the Protected Material is returned to the Designating Party, the Receiving Party shall provide written confirmation to the Designating Party of the destruction of the Protected Material. This paragraph shall not apply to this Court or its personnel.

**10.0 Miscellaneous.**

10.1 Right to Further Relief: Any Party may seek to modify or amend this Protective Order through stipulation and/or order of this Court.

10.2 Right to Assert Other Objections: This Protective Order shall not constitute a waiver of the rights of any Party to object to the discovery or introduction in this action of Protected Material on any grounds other than those related to the confidentiality of such Protected Material.

**IT IS SO STIPULATED.**

DATED: April 18, 2012

RASTEGAR & MATERN, A.P.C.

By: ______________________
S. Emi Ikeda Minne
Wendy Sha
Attorneys for Plaintiff Daniel Ordonez and others similarly situated

DATED: April 18, 2012

REED SMITH LLP

By: ______________________
Remy Kessler
Attorneys for Defendant RadioShack Corporation

Case 2:10-cv-07060-CAS -JCG

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ____________________, do solemnly swear that I have read and am fully familiar with the terms of the Protective Order entered in *Ordonez v. Radio Shack Corporation*, CASE NO. CV 10-07060 CAS (JCGx), United States District Court for the Central District of California, and hereby agree to comply with and be bound by the terms and conditions of the Protective Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Signature: ____________________________

Printed Name: ____________________________

Dated: ____________________________