UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:10-cv-07060-CAS(JCGx) | Date | August 15, 2014 |
|---|---|---|---|
| Title | DANIEL ORDONEZ V. RADIO SHACK, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants

Not Present                                          Not Present

**Proceedings:** **(In Chambers:)** PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION (Dkt. #111, filed July 26, 2013)

## I. INTRODUCTION

On May 26, 2010, plaintiff Daniel Ordonez filed this putative class action in Los Angeles County Superior Court against defendant RadioShack, Inc. Plaintiff, on behalf of himself and all other similarly situated current and former non-exempt employees of defendant, seeks to recover wages and penalties resulting from various violations of the California Labor Code and California Business and Professions Code. Defendant removed this action to federal court on September 22, 2010. Dkt. #1.

The operative Second Amended Complaint ("SAC") alleges the following claims: (1) failure to provide required meal periods in violation of Cal. Labor Code § 226.7 and IWC Order 4-2001(11); (2) failure to provide required rest periods in violation of Cal. Labor Code § 226.7 and IWC Order 4-2001(12); (3) failure to pay overtime compensation in violation of Cal. Labor Code §§ 226, 510, 1194, 1197 and IWC Order 4; (4) failure to pay minimum wages in violation of Cal. Labor Code §§ 226, 510, 1194, 1197 and IWC Order 4; (5) failure to maintain required records in violation of Cal. Labor Code § 1174, 1174.5 and IWC Order 4-2001(7); (6) failure to pay all wages due to discharged or quitting employees in violation of Cal. Labor Code §§ 201, 202, 203; (7) unlawful collection or receipt of wages previously paid and failure to indemnify for expenditures in discharge of duties, pursuant to Cal. Labor Code §§ 221 and 2802 and Wage Order 7-2001; (8) unfair business practices pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq.; and (9) representative action for civil penalties pursuant to Cal. Lab. Code §§ 2698-2699.5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:10-cv-07060-CAS(JCGx) | Date | August 15, 2014 |
|---|---|---|---|
| Title | DANIEL ORDONEZ V. RADIO SHACK, INC. | | |

By order dated January 17, 2013, the Court denied plaintiff's motion for class certification without prejudice.  Dkt. #97.  Plaintiff filed a renewed motion for class certification on July 26, 2013.  Dkt. #111.  Defendant filed an opposition on October 25, 2013, and a supplemental opposition on October 31, 2013.  Dkt. #'s 117, 119.  Plaintiff replied on December 9, 2013, dkt. #120.[1]  The Court held a hearing on February 10, 2014.  Dkt. #123.  At the hearing, the Court heard argument regarding the particulars of the electronic employee scheduling system employed by defendant, and referenced in plaintiff's renewed motion for class certification.  Specifically, the Court heard argument as to whether defendant's electronic scheduling records could be used as evidence of defendant's actual practice in making rest breaks available.

The Court thereafter took this matter under submission.  Dkt. #123.  Next, on February 12, 2014, the Court directed the parties to lodge a post-2011 exemplar of the electronic scheduling records referenced at oral argument.  Dkt. #122.  The parties did so in the ensuing weeks, and also provided supplemental briefing as to the significance of the electronic schedules.  Dkt. #'s 124-27.  By order dated March 24, 2014, the Court then directed defendant to produce to plaintiff a "10% sampling of post-2011 electronic schedules."  Dkt. #128.  After that production was complete, the parties submitted briefs, setting forth their arguments regarding the significance of the electronic scheduling records, and how they bear on the question of whether plaintiff's motion for class certification should be granted.  Dkt. #'s 131-32.  After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

The facts of this case are known to the parties, and are set forth in greater detail in the Court's prior order denying plaintiff's motion for class certification.  Here, the Court sets forth a summary of the most relevant facts.

---

[1] Plaintiff objects to defendant's supplemental opposition because it does not comply with the briefing schedule set forth in the scheduling order dated March 25, 2013.  While the Court agrees that this supplemental filing is untimely, the Court will nonetheless consider the arguments set forth therein.  However, defendant is admonished to refrain from filing documents in contravention of this Court's scheduling orders.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                   'O'

| Case No. | 2:10-cv-07060-CAS(JCGx) | Date | August 15, 2014 |
|---|---|---|---|
| Title | DANIEL ORDONEZ V. RADIO SHACK, INC. | | |

    RadioShack is in the business of selling a broad assortment of consumer electronics and wireless device products nationwide through its retail stores. See Sha Decl. Ex. 1 (Annual Report, Form 10-K). Plaintiff asserts that RadioShack has adopted uniform policies and procedures that deprive sales associates of the required rest breaks. E.g., Id. Ex. 3. Plaintiff asserts that RadioShack has maintained a rest break policy since 2006, applicable to RadioShack employees in California, that provides "one paid 15-minute break for every four hours worked." Id.; Agel Dep. 274:2-16; Juarez Dep. 87:12-17. Plaintiff provides declarations from nineteen current and former RadioShack employees, stating that they did not receive a second rest break if they worked a shift longer than six hours, but shorter than eight hours. Dkt. #114, Plaintiff's Compendium of Declarations ("Pl. COD") Exs. 1-17; dkt. #116, Pl. Supp. COD Exs. 18-19. According to these declarations, RadioShack employees were not compensated for missed rest breaks. Id. Plaintiff also asserts that rest breaks were not included on sales associates' electronic schedules prior to June 2011. Guidice Dep. 29:6-19; 31:13-17.

    RadioShack does not appear to dispute the authenticity or accuracy of plaintiff's evidence regarding RadioShack's written rest break policy. However, RadioShack provides declarations from current and former employees, stating that the policy is not enforced as written. Dkt. #117, Defendant's Compendium of Declarations ("Def. COD") Exs. 1-13. Rather, according to these declarations, sales associates who work a shift longer than four hours receive a second rest break. Id.

    Plaintiff seeks certification of a class of "[a]ll current and former non-exempt employees of RadioShack, who held positions of sales associate and stock position for a period of time since May 26, 2006 to the present." Renewed Mot. at 2. This Court previously denied certification as to all of plaintiff's claims, and plaintiff's renewed motion relates only to claims for alleged denial of rest breaks. The Court therefore construes this motion as seeking certification of a rest break subclass.

### III.    LEGAL STANDARD

    "Class actions have two primary purposes: (1) to accomplish judicial economy by avoiding multiple suits, and (2) to protect rights of persons who might not be able to present claims on an individual basis." Haley v. Medtronic, Inc., 169 F.R.D. 643, 647 (C.D. Cal. 1996) (citing Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983)). Federal Rule of Civil Procedure 23 governs class actions. For a suit to be maintained as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:10-cv-07060-CAS(JCGx) | Date | August 15, 2014 |
| Title | DANIEL ORDONEZ V. RADIO SHACK, INC. | | |

class action, the proposed class must "satisfy the criteria set forth in subdivision (a). . . , and it also must fit into one of three categories described in subdivision (b)." <u>Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.</u>, — U.S. —, 130 S.Ct. 1431, 1437 (2010). More than a pleading standard, Rule 23 requires the party seeking class certification to "affirmatively demonstrate . . . compliance with the rule." <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. ---, ---, 131 S.Ct. 2541, 2551 (2011). This requires a district court to conduct "rigorous analysis" that frequently "will entail some overlap with the merits of the plaintiff's underlying claim." <u>Id.</u>

First, plaintiffs must demonstrate that the four requirements of Rule 23(a) are met: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. These requirements effectively "limit the class claims to those fairly encompassed by the named plaintiff's claims." <u>Falcon</u>, 457 U.S. at 155 (quoting <u>Califano v. Yamasaki</u>, 442, U.S. 682, 701 (1979)).

Second, if a court finds that the Rule 23(a) requirements are met, the court must consider whether the class is maintainable under one of the three alternatives set forth in Rule 23(b). <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. ---, ---, 131 S.Ct. 2541, 2548 (2011). Plaintiffs here seek certification under Rule 23(b)(3), which requires "that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1022 (9th Cir. 1998) (citing <u>Amchem Products, Inc. v. Windsor</u>, 521 U.S. 591 (1997)). If "common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication," then adjudication on a representative basis is appropriate. <u>Id.</u> Otherwise, individualized adjudication is more appropriate. Therefore, the Court must balance concerns regarding the litigation of issues common to the class as a whole with questions affecting individual class members. <u>In re Northern District of California, Dalkon Shield IUD Products Liability Litig.</u>, 693 F.2d 847, 856 (9th Cir. 1982).

In evaluating predominance and superiority, the court must consider the four factors of Rule 23(b)(3): (1) the interests that members in the class have in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:10-cv-07060-CAS(JCGx) | Date | August 15, 2014 |
| Title | DANIEL ORDONEZ V. RADIO SHACK, INC. | | |

litigations concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3); see also Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1190–1193, (9th Cir. 2001), opinion amended on denial of reh'g, 273 F.3d 1261.

## IV. ANALYSIS

### A. The Court's Prior Order

Plaintiff's renewed motion seeks certification of the claims in the SAC related to RadioShack's alleged failure to provide rest breaks. Previously, the Court denied plaintiff's motion for class certification as to these claims. The Court first found that the proposed "rest break subclass" satisfied the requirements of Federal Rule of Civil Procedure 23(a), dkt. #97, Order Denying Cert. ("Order") at 10. The Court next found that the record contained conflicting evidence regarding whether RadioShack maintained a uniform rest break policy inconsistent with California law. In this regard, the Court observed that the documents produced by plaintiff described RadioShack's nationwide rest break policy, and contained a proviso that "[s]tate laws specifying additional break and meal provisions may also apply." Order at 17. The Court also noted that the record contained conflicting evidence as to whether, in practice, RadioShack employees in California received legally required rest breaks. Id. at 18-19. Finally, the Court found that plaintiff had not demonstrated how he could prove, on a classwide basis, that rest periods were not provided because they were "not recorded in [RadioShack's] timekeeping system, and [RadioShack] was not required to record them under California law." Id. at 19-20. Based on the conflicting evidence in the record and the absence of a method of classwide proof, the Court found the trial of common issues would not predominate over individualized inquiries. Id. at 19.

### B. Plaintiff's Renewed Motion

The Court does not revisit its prior conclusion that the rest break subclass satisfies all requirements of Rule 23(a). Because the Court finds, as before, that the Rule 23(a) requirements have been satisfied as to plaintiff's proposed rest break subclass, the Court turns to the Rule 23(b) requirements. Dukes, 131 S. Ct. at 2548. Plaintiff seeks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:10-cv-07060-CAS(JCGx) | Date | August 15, 2014 |
| Title | DANIEL ORDONEZ V. RADIO SHACK, INC. | | |

certification under Rule 23(b)(3). Under that section, class certification is appropriate "if Rule 23(a) is satisfied" and if "the court finds that [1] the questions of law or fact common to class members predominate over any questions affecting only individual members, and that [2] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d 1152, 1162–63 (9th Cir. 2001).

The predominance inquiry "trains on legal or factual questions that qualify each class member's case as a genuine controversy." Amchem Prods, Inc. v. Windsor, 521 U.S. 591, 625 (1997); see also Poulos v. Caesars World, Inc., 379 F.3d 654, 664 (9th Cir. 2004). "When one or more of the central issues in the action are common to the class and can be said to predominate," a class action will be considered proper "even though other matters will have to be tried separately." Gartin v. S&M NuTec LLC, 245 F.R.D. 429, 435 (C.D. Cal. 2007). "Because no precise test can determine whether common issues predominate, the Court must pragmatically assess the entire action and the issues involved." Romero v. Producers Dairy Foods, Inc., 235 F.R.D. 474, 489 (E.D. Cal. 2006). "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." See Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996). Moreover, "[c]onsidering whether 'questions of law or fact common to class members predominate' begins. . . with the elements of the underlying cause of action." Erica P. John Fund, Inc., v. Halliburton Co., 131 S. Ct. 2179, 2184 (2011).

Plaintiff argues that the rest break subclass satisfies the predominance requirement because of new evidence adduced since the Court's ruling on plaintiff's first motion for class certification. This evidence consists of additional documents and deposition testimony, summarized in Section II above, establishing that RadioShack's written rest break policy was implemented in its California stores, and additional declarations from current and former RadioShack employees stating that RadioShack did not provide the rest breaks required under California law. Reply Renewed Mot. at 3-4.

Based on this new evidence, the Court finds that plaintiff has established that RadioShack maintained a uniform stated policy, applicable to its California stores, that provides for "one paid 15-minute break for every four hours worked." Sha Decl. Ex. 3; Agel Dep. 274:2-16; Juarez Dep. 87:12-17. This stated policy is likely inconsistent with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:10-cv-07060-CAS(JCGx) | Date | August 15, 2014 |
|---|---|---|---|
| Title | DANIEL ORDONEZ V. RADIO SHACK, INC. | | |

California law because "[t]o be compliant with California law, RadioShack would need to provide [employees] with the opportunity for an additional five minutes (for a net of twenty) of rest break time for every shift that they worked greater than six hours in duration." Order at 17 (citing Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004, 1029 (2012)). Nonetheless, the Court concludes that class certification is not appropriate for the reasons set forth below.

      In Brinker, the California Supreme Court held that, when an employer "adopts a uniform policy" that does not authorize or permit the proper number of rest breaks, "it has violated [California law] and is liable." 53 Cal. 4th at 1033. Since Brinker, the California courts have repeatedly found class certification to be appropriate where a uniform rest break policy was adopted that is facially inconsistent with California law. See Benton v. Telecom Network Specialists, Inc., 220 Cal App. 4th 701, 726 (2013) (finding that plaintiff's theory of liability, namely that "[the defendant] violated wage and hour requirements by failing to adopt a policy authorizing and permitting meal and rest breaks to its technicians" was amenable to class treatment); Faulkinbury v. Boyd & Assocs., Inc., 216 Cal. App. 4th 220, 237 (2013) (reversing trial court's denial of certification of a class alleging rest break violations, holding that classwide issues predominated because "[the defendant's] liability, if any, would arise upon a finding that its uniform rest break policy, or lack of policy, was unlawful"); Bradley v. Networkers Int'l, LLC, 211 Cal App. 4th 1129, 1150 (2012) ("Here, plaintiffs' theory of recovery is based on [the defendant's] (uniform) lack of a rest and meal break policy and its (uniform) failure to authorize employees to take statutorily required rest and meal breaks. The lack of a meal/rest break policy and the uniform failure to authorize such breaks are matters of common proof.").

      By contrast, at least two California federal district courts have denied class certification in actions alleging rest break violations based on a stated uniform policy. See Cummings v. Starbucks Corp., 2014 WL 1379119, at *23 (C.D. Cal. March 24, 2014); In re Taco Bell Wage and Hour Actions, 2012 WL 5932833, at *10-11 (E.D. Cal. Nov. 27, 2012), adopted as final order by In re Taco Bell Wage and Hour, 2013 WL 28074, at *1 (E.D. Cal. Jan. 2, 2013). These courts denied certification due to the lack of a classwide method of proving whether the offending policy was consistently applied to class members. See Cummings, 2014 WL 1379119, at *22 ("[T]o find that common issues predominate, the Court would have to rely on the defective rest period policy to the exclusion of other evidence in the record."); In re Taco Bell, 2012 WL 5932833, at *10-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:10-cv-07060-CAS(JCGx) | Date | August 15, 2014 |
|---|---|---|---|
| Title | DANIEL ORDONEZ V. RADIO SHACK, INC. | | |

11 (finding that rest break claim based on "facially invalid policy" should not be certified due to lack of "reliable evidence in . . . time cards"). Thus, according to the Cummings and In re Taco Bell courts, class treatment was inappropriate under Rule 23(b)(3) because a class action would devolve into a series of individualized inquiries as to who did and did not receive the appropriate amount of rest breaks, regardless of the content of the facially invalid policy.

In light of the requirement under Rule 23 that the Court consider the "likely difficulties in managing a class action" when considering a motion for class certification, the Court finds Cummings and Taco Bell to be persuasive. In spite of the evidence that Radioshack had a uniform rest break policy that may have violated California law, substantial manageability problems remain regarding proof of whether and how this policy was actually implemented. Cf. Abdullah v. U.S. Security Associates, Inc., 731 F.3d 952, 964 (9th Cir. 2013) ("[I]t is an abuse of discretion for the district court to rely on uniform policies 'to the near exclusion of other relevant factors touching on predominance.'" (citation omitted)). Plaintiff has not proffered a viable method of determining when (or if) a particular employee took a rest break on a particular day, short of obtaining testimony regarding each Radioshack store and each Radioshack employee. The parties agree that rest breaks were not recorded on employees' timecards, and, as stated above, the parties have provided conflicting declarations as to whether defendant's rest break policy was implemented as written.[2] Plaintiff's analysis of Radioshack's electronic scheduling records, furnished after the February 10, 2014 hearing, does not alter this conclusion because the parties agree that these records do not show when an employee actually did (or did not) take a rest break. At most, they reflect when Radioshack scheduled rest breaks for its employees. See, e.g., Dkt. #131 (stating that Radioshack's rest break schedules "clearly identify when Radioshack scheduled rest breaks for each individual employee" (emphasis added)).

The Court is therefore left without a method of establishing by common proof when rest breaks were or were not taken by members of the class. Thus, even though classwide evidence of an illegal stated policy may be established through proof of the existence of a uniform policy, see Brinker, 53 Cal. 4th at 1033, plaintiff has not proffered

---

[2] California law does not require that rest breaks be recorded on employee timecards. See Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949, 963 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:10-cv-07060-CAS(JCGx) | Date | August 15, 2014 |
|---|---|---|---|
| Title | DANIEL ORDONEZ V. RADIO SHACK, INC. | | |

a viable classwide method of showing whether that policy was actually implemented. See In re Autozone, Inc., Wage and Hour Employment Practices Litig., 289 F.R.D. 526, 535 (N.D. Cal. 2012) (explaining that the issue of when a particular employee did or did not take a rest break bears on damages, not liability). This sort of individualized inquiry, unassisted by timecards or similar data, would render a class unmanageable. Cf. In re Autozone, Inc., Wage and Hour Employment Practices Litig., 289 F.R.D. 526, 535 (N.D. Cal. 2012) (noting that the "[d]efendant . . . raise[d] legitimate concerns about manageability," namely, that the court might "need to make endless individualized inquiries about whether and how often putative class members got rest breaks").

      In reaching this conclusion, the Court is mindful of the fact that "damages determinations are individual in nearly all wage-and-hour class actions," and that "the presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3)." See Leyva v. Medline Industries, Inc., 716 F.3d 510, 513 (9th Cir. 2013). However, the manageability problem in the present case goes beyond individualized damages. Here, the issue is whether classwide methods of proof exist to show that California law was actually violated. If classwide proof of violations were available, the fact that class members' damages varied would not present an obstacle to class certification because computerized analysis of such records could easily calculate each class member's damages. Indeed, in Leyva, the Ninth Circuit noted that the defendant's "computerized payroll and time-keeping databases would enable the court to accurately calculate damages and related penalties for each claim." Id. The court therefore concluded that "damages could be feasibly and efficiently calculated once common liability questions are adjudicated." Id. Here, by contrast, no such records are available. It is this absence of records that are easily aggregated and analyzed that presents an insurmountable manageability concern. For this reason, the Court concludes that class certification is not appropriate.[3]

---

[3] The record contains no evidence regarding putative class members' interest in "individually controlling the prosecution . . . of separate actions," or "the extent and nature of any litigation" concerning this controversy that has already begun. See Fed. R. Civ. P. 23(b)(3)(A)-(B). Similarly, the record contains no evidence regarding the "desirability or undesirability of concentrating the litigation" in a particular forum. See id. 23(b)(3)(C). In any event, the Court finds that the manageability concerns described herein are sufficient to render class certification inappropriate without making a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:10-cv-07060-CAS(JCGx) | Date | August 15, 2014 |
|---|---|---|---|
| Title | DANIEL ORDONEZ V. RADIO SHACK, INC. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES plaintiff's motion for class certification.

IT IS SO ORDERED.

00:00
Initials of Preparer    CMJ

---

definitive determination as to these other factors.